SULLIVAN, Respondent, v. LYONS, et al., Appellants.

(140 N. W. 255.)

1.  **Trial—Rulings on Evidence—Doubt as to Prejudice.**

> While certain rulings of the trial court as to admission and exclusion of evidence may not have been strictly correct, this Court will not reverse upon this ground, where doubt exists as to whether appellants were prejudiced by any of such rulings.

**2.    Instructions—Abstract Proposition—Waiver of Rights.**

In an action for price of an automobile, defendants pleaded and adduced evidence tending to prove it was taken, as the property of plaintiff's husband and without any claim on her part that it belonged to her, in part payment for another automobile sold to her husband with her consent. The trial court charged that defendants, to constitute an estoppel, must show that the language, acts or conduct of plaintiff misled them, to their prejudice, and that thereby they were induced to do something they would not otherwise have done, and would be injured if plaintiff was allowed to show a different state of facts than those represented. Defendants requested instructions that if plaintiff had knowledge that her husband was about to sell, trade or dispose of the automobile, and if she allowed him to dispose of it as his property, she was estopped to claim damages by reason of the sale or trade; that acquiescence is where a person knowing that he is entitled to impeach a transaction, or to enforce a right, neglects to do so for such length of time that the other party may fairly infer that he has waived his right; and that if plaintiff allowed any rights she had in the automobile to be disposed of by her husband as his property, and knowingly permitted the transaction to be made by him with defendants, who relied upon her conduct, she is estopped, and could not recover. **Held**, that the instruction given was insufficient, it being a mere abstract proposition of law, and not applied by the trial court to the facts contended for by the defense and which were supported by competent evidence, the application thereof to the facts being left to the jury. **Held**, further, that the instructions requested by defendants should have been given.

(Opinion filed March 11, 1913.    Rehearing Denied April 22, 1913.)

Appeal from County Court of Spink County.    Hon. ALVA E. TAYLOR, Judge.

Action by Malvina Sullivan against B. F. Lyons and another, co-partners as Lyons Brothers.    From a judgment for plaintiff and an order denying a new trial, defendants appeal.    Reversed.

*W. F. Bruell,* for Appellants.

The defendants were, as a matter of course, entitled to these instructions. If the jury should find from the evidence that whatever right the plaintiff may have had in this auto at the time defendants received the same, and if they received same from Dr. Sullivan, her husband, and she acquiesced in the transaction, she cannot recover.

The doctrine of estoppel prevents her, as well as the fact that she fails to establish any legal or equitable right or cause of action against the defendants.

Defendants asked the Court to give certain instructions set forth in assignments 61 to 66 inclusive. The court refused to give same, and such refusal is assigned as error, and we believe that these proposed instructions comprehend the real issues in the case, and should have been given, and that the trial court violated the rule as laid down by Sackett on Instructions, section 191, as follows:

When a case is close in its facts, or when there is a conflict in the evidence or a violation of a point in the case, the rights of parties cannot be preserved, unless the jury was accurately instructed. An instruction which has a tendency to, and probably did, mislead the jury when taken singly, is erroneous, even though the instructions when taken together embrace the law of the case. Toledo Railroad Company v. Shukman, 50 Ind. 42; Wabash Railroad Company v. Henka, 91 Ill., 406; Price v. Mahoney, 24 Ia., 582; Murray v. Commonwealth, 79 Pa., St., 311.

*Sterling & Clark,* and *A. Sherin,* for Respondent.

Instruction number 2 does not state the law nor the facts correctly. It is not the law that one person can sell the property of another and prevent the owner from recovery. It is frivolous to contend that if defendants secured the automobile from D. F. Sullivan, then that plaintiff could not recover. Yet this is all that there is in Instruction number 2 requested by defendants.

The same objection applies to instructions number 4, 5 and 6 requested by defendants. None of these requested instructions, either separately or in conjunction with the rest, states the law correctly as to estoppel. They attempted to set up one side of the law, but without giving the necessary qualifications. The court was bound either to give or refuse each instruction as it was presented by defendants. It could not modify or change the same, and if the defendants drew and presented erroneous instructions, or instructions lacking some essential element, they were properly refused by the court. Section 256, Code of Civil Procedure.

Instruction number 6, given by the court, is particularly true in its statement that: "the defendants attempted to plead estoppel," for it was only an attempt and a very poor attempt at that. But

the court's instruction as to estoppel is correct, and where a correct instruction is given by the court on its own motion, there is no prejudice in refusing to give an instruction on the same subject requested by a party. State v. Kammel, 23 S. D. 465; Nelson v. Oium, 21 S. D. 541; McCarthy v. Fall, (S. D.) 123 N. W. 497; Comeau v. Hurley, (S. D.) 123 N. W. 715; State v. West, (S. D.) 124 N. W., 751.

WHITING, J. The nature of this action and the claims of the respective parties are well set forth in the following, which was given by the court as its opening statement when instructing the jury: "The plaintiff, Malvina Sullivan, brings this action to recover of the defendants, Lyons Bros., $525, with 7 per cent. interest from June 3, 1911, for one Maxwell automobile. She claims that on June 3, 1911, she was the owner of this automobile, that defendants agreed to purchase this automobile of plaintiff for $525, and plaintiff agreed to deliver the automobile to defendants for that sum; that she delivered the auto to them on June 3, 1911, and that defendants kept same until about June 5, 1911, when they sold and disposed of the automobile to another purchaser, and have kept and retained the proceeds of the sale, and have never paid said $525 to plaintiff, although she has demanded same. The defendants answer, and say that they deny the plaintiff's claim, and say that the transaction was as follows: That about June 3, 1911, defendants received of one Dr. D. F. Sullivan, the husband of plaintiff, one Maxwell car in part payment on a trade for another automobile that said Dr. D. F. Sullivan was purchasing of defendants, and at that time said car claimed by plaintiff was delivered to defendants by said Sullivan with the full knowledge and consent of plaintiff herein, and that at the same time defendants executed and delivered to said Sullivan with the full knowledge and consent of plaintiff a receipt or written agreement regarding the transaction, which receipt said Sullivan kept and retained with plaintiff's knowledge and consent. The defendants say they delivered the new car long prior to the commencement of this action, and said Sullivan refused without just cause or reason to accept same, and that plaintiff had full knowledge of all the facts at the time. Defendants claim that Dr. D. F. Sullivan was the owner of the car in controversy in this action, and on June 3, 1911, it was represented by both the plaintiff and her husband, Dr. D. F. Sullivan, that D. F. Sullivan was the

owner of the car, and that the business transactions were had with said Dr. D. F. Sullivan, and not with the plaintiff, and that plaintiff knew of the transaction, and represented to defendants that her husband was the owner of the car. The defendants deny that the car was worth $525. They admit they have had the car, but deny that they purchased it as claimed by plaintiff, but claim it was taken in the trade with D. F. Sullivan as part payment of a new car." Evidence was offered by each party which, if believed, would tend, upon the one hand, to support the claims of plaintiff, and, upon the other hand, that, if the automobile was the property of the plaintiff, she had stood by while her husband entered into a contract with defendants under which the automobile was traded to them in exchange for a new automobile to be furnished by them, and that she neither objected to such exchange nor in any way asserted any rights in and to such property.

[1] The verdict herein was in favor of the plaintiff, judgment was entered thereon, motion for new trial denied, and the defendants appealed from such judgment and order denying a new trial. Upon this appeal appellants have assigned numerous errors in the rulings and instructions of the trial court, and specified several particulars wherein they claim the evidence was insufficient to support the verdict. We have examined all the alleged errors in the admission and exclusion of evidence, and, while certain rulings of the court may not have been strictly correct, yet we would hesitate to reverse the case upon this ground, as we doubt appellants' having been prejudiced by any of such rulings. We believe that the evidence received fairly and fully presented to the jury the issues in this case; and we believe that such evidence was sufficient to sustain the verdict, though we also believe that there was evidence which, if believed, would sustain a verdict for the defendants.

[2] Did the court's instructions fairly submit the cause to the jury? Appellants contend that the court erred in refusing certain instructions asked for by them and in giving one instruction excepted to by them. It will be noted that one of the defenses was that plaintiff by her conduct was estopped from making any claim against the defendants, but it will be seen that in the statement which we have quoted above the term "estoppel" was not used by the trial court, nor was there anything in such statement calling the

13—Vol. 31, S. D.

attention of the jury to the fact that this particular claim of defendants was in the nature of what is termed a plea in estoppel. Without any further explanation, the trial court gave the following, which were the only instructions in any way touching upon this plea of estoppel and the evidence offered in support thereof:

"No. 2.   A defendant who sets up an estoppel must prove this estoppel by a like preponderance of the evidence."

"No. 6.   You are instructed that in this case the defendants attempted to plead an estoppel, and the court instructs you that to constitute an estoppel in law the defendants must show that the language or acts or conduct of the plaintiff did mislead the defendants to their prejudice, and that by such language, acts, and conduct they were induced to do something they would not otherwise have done except for such acts, language, or conduct, and that they would be injured and sustain loss by allowing the party to show the existence of a different state of facts than those represented.   If such facts do not appear from a preponderance of the evidence in this case, then the defendants have failed to prove an estoppel."   Appellants excepted to instruction "No. 6," but the grounds stated in their execption are insufficient to call attention to the real defect in such instruction.   It will be noticed that this instruction, while it states correctly an abstract proposition of law, does not clearly and definitely apply such proposition to the facts contended for by the defense and which were supported by competent evidence.   The authorities are not in harmony upon the question of whether the giving to the jury of an abstract proposition of law without applying the same to the particular facts contended for in the case upon trial is error or not.   It seems to be the uniform holding that a trial court is justified in refusing such an instruction when asked for (Parliman v. Young, 2 Dak. 175, 4 N. W. 139, 711), and that the trial court should, if requested so to do, apply the abstract proposition to the facts as contended for, so as to make clear to the jury the proper application of such proposition.   While some authorities hold that the giving of an abstract proposition without instructions showing its application to the facts claimed is not in itself error, other authorities hold that it is error. When there has been a request for an instruction which fairly applies the proposition of law to the facts of the particular case, the court should not leave to the jury the task of attempting to make

such application but should give the instruction. In Brickwood-Sackett, Instructions, § 179, it is said: "Instructions should be framed with reference to the circumstances of the case on trial, and not be expressed in abstract and general terms, when such terms may mislead instead of enlightening the jury." In Hughes' Instructions to Juries, §, 48, it is said: "Instructions should be so framed as to inform the jury what the law is, as applicable to the facts in evidence, and not in general terms in the form of abstract propositions of law. Such instructions, although abstractly correct, are likely to be misleading, and for that reason should not be given." In Blashfield's Instructions to Juries, § 92, it is said: "In some cases it has been held that the giving of such instructions is not sufficient ground for reversal, and in others that error cannot be assigned because of the giving of such instructions unless more specific instructions are requested." In Railroad v. Toppins, 10 Lea (Tenn.) 58, the court well says: "It is not the province of the judge to impress any particular view of the facts upon the jury, but it is his province to make his charge so directly applicable to the facts as to enable the jury to render a correct verdict—to leave as little room as possible for them to make mistakes in applying the law to the facts, which they may be very liable to do when they have only general abstract propositions given to them in charge. There ought, if possible, to be no room for misunderstanding the charge on its application, and to this end it ought to be specific and direct." In Trask v. Donaghue, 1 Aikens (Vt.) 370, the court, as stated in the syllabus, reversed the cause "because the judge, in his charge to the jury, only instructed them upon the law of the case in the abstract, and did not inform them what facts in the cause, if found, would make a case to which the principle of law was applicable." In Hanchett v. Kimbark (Ill.) 2 N. E. 512, the court in criticising a certain instruction said: "This instruction, like the others, instead of stating the law as applicable to the case, states a general proposition of law and leaves the jury to make the application." In Morris v. Platt, 32 Conn. 75, the court said: "The charge as given informed the jury what 'the great principle' of the law of self-defense is and correctly; but that was not all to which the defendant was entitled. It is not for juries to apply 'great principles' to the particular state of facts claimed and found, and thus make the law of the case. When the facts are admitted, or

proved and found, it is for the court to say what the law as applicable to them is, and whether or not they furnish a defense to the action, or a justification for the injury, if that be the issue. And so where evidence is offered by either party to prove a certain state of facts, and the claim is made that they are proved, and the court is requested to charge the jury what the law is as applicable to them, and what verdict to render if they find them proved, the court must comply." We agree fully with the following words found in Gorman v. Campbell, 14 Ga. 137: "Nothing is more dangerous than to lay down general propositions, which, instead of aiding, scarcely ever fail to mislead juries. Courts should apply the principles of law to the facts in evidence in each particular case, stating those facts hypothetically." An examination of the statement of the nature of the action and the claims of the parties as given to the jury reveals that the court never advised the jury that, if it found the facts as contended for by defendants in relation to either of their defenses, it should return a verdict for them. Neither did instruction "No. 6" in any manner whatsoever reveal to them what facts claimed by defendants, if found by the jury, would constitute a defense. The jury were left to make an application of the abstract proposition to the facts, a thing which it is not the province of the jury to do, and should not be left to do, at least when the court has been asked to give instructions making a correct application of the law to the facts contended for and which facts are supported by competent evidence received.

Appellants asked for the following instructions, all of which were refused:

"(5)   If from the evidence you find that the plaintiff had knowledge that her husband was about to sell, trade off, 'or dispose of' the automobile, and that she was present at the time of the disposition thereof, and allowed her husband to dispose of same as his property, then she is estopped from claiming damages by reason of sale or trade, and she cannot recover."

"(6)   The court charges you as a matter of law that acquiescence is where a person who knows that he is entitled to impeach a transaction, or to enforce a right, neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right. This applies to the case before you, if you find from the evidence

that the plaintiff allowed any rights she may have had in this automobile to be disposed of by her husband as his own property, and knowingly allowed the same to be made."

"(7)    The court charges you as a matter of law that if you find from the evidence that the plaintiff expressly waived any right which she knew to exist at the time in so far as the claim to this automobile is concerned, and that she failed to assert such right, and knowingly permitted, or silently allowed the transaction to be made by her husband with the defendants, who relied upon her conduct in the matter, then she is estopped by her own acts and cannot recover herein."

We believe that these instructions fairly and fully applied to the facts of this case—as such facts were contended for by the appellants—the abstract proposition of law contained in the court's instruction "No. 6," and that the court's refusal to give the same was reversible error, as, without such instructions or other proper instructions, the jury might readily and probably would fail to make a proper application of the proposition of law to the facts, if they found the facts as contended for by appellants.

The judgment and order appealed from are reversed.