POLLUCK, Respondent, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

(186 N. W. 830.)

(File No. 4767.   Opinion filed February 16, 1922.)

1. **Master and Servant—Personal Injuries While Employee of Independent Contractor, Whether Railroad Liable—Previous Decision Followed.**

    As previously held upon this appeal (43 S. D. 456, 180 N. W. 61), the Court now affirms the facts pleaded were sufficient, after eliminating allegation as to plaintiff's being an employee of defendant, to constitute a cause of action under the common law theory, and that if when so injured he was engaged in performance of his duties as such employee of an independent contractor, the defendant railroad company owed him the same duties as to care for his safety as if he was its employee.

2. **Same—Whether Plaintiff While in Turn-table Ash Pit in Evening, Was Trespasser—Plaintiff's Negligence, Defendant's Employees' Contributory Negligence, Combined Effect—Previous Decision Reversed.**

    While in our former opinion on this appeal (43 S. D. 456) we regarded the facts as establishing that plaintiff, while in the turn-table ash pit in question in the evening, at the

time of his injury by steam from the engine, was not a trespasser, upon further reflection held, that such statement may be misleading; that if as he claims he was there for the purpose of wetting down the cinders, he was not a trespasser; but if as claimed by the defense he was there to cook sausages, then he had no more right there than had any employee whose duty never took him to such ash pit; though if rightfully there, it is not beyond dispute that he was not guilty of contributory negligence; and, giving all testimony a construction most favorable to plaintiff, yet, the record showing it was not customary for any one to work in said pit after dark, that plaintiff makes no claim that he intended shoveling cinders that night, that his sole purpose, beyond heating the sausages, was to wet down cinders, that so far as evidence shows no employee of said independent contractor had ever visited this pit after dark to wet down cinders; that the engine-men had no reason to suspect there might be some one there, which fact plaintiff must have known, that if anyone did work there after dark it was customary for him to have a light to warn others of his presence, that plaintiff should have had a torch lighted to warn of his presence; that the proper way to wet down cinders was to stand on edge of the pit and hold the hose scattering water on cinders, while plaintiff claims he went there to put hose under rails to allow water to run without his holding the hose, and that in the dark he stood where the steam from the pit enveloped him, hence his negligence is beyond dispute; therefore held, that though it might be claimed it was for jury to determine whether his negligence contributed to the accident, nevertheless if defendant's employee's alleged negligence caused it, it was because such negligence prevented plaintiff from seeing or hearing approaching engine; but in the same manner, the lack of a warning light lead these employees to remain ignorant of his presence, and, defense of contributory negligence being fully established, decision below is reversed.

3.   **Same—New Trial Plaintiff's Contradictory Testimony, Effect—Improbability of His Testimony.**

In granting a new trial herein, it seems plaintiff's story strains credulity of any reasonable man, this as to his testimony concerning his helper needing another torch, and that he went to get one "to wet down the cinders," while the helper testifies to contrary; and, plaintiff's evidence as to what occurred in the pit being uncorroborated and self-contraditory, while his testimony that, although his right arm was cut off at or near elbow, his left hand being badly crushed, he immediately after he got out of the pit went to hydrant, took a drink, and then turned the water off—testimony seemingly beyond belief.

**4.  Same—Contributory Negligence, Instructions Not In Abstract and General Terms—True Rule Stated.**

As bearing upon the issues herein, Court will suggest (following Sullivan v. Lyon, 31 S. D. 189) that instructions should be framed with reference to circumstances of case on trial, and not be expressed in abstract and general terms, when such terms may mislead jury; that nothing is more dangerous than to lay down general propositions which, instead of aiding, seldom fail to mislead jury, that court should apply principles of law to facts in evidence in each particular case, stating those facts hypothetically; that trial court in instant case, while correctly stating abstract propositions re defendant's negligence and plaintiff's contributory negligence, confined them to defendant's negligence but failed to apply them to defendant's claim of plaintiff's contributory negligence.

Smith, J., dissenting.

On rehearing.  Former decision reversed.

For former decisions, see 43 S. D. 456, 180 N. W. 61; 40 S. D. 186, 166 N. W. 641.

*Case & Case (D. C. Edwards* and *M. M. Joyce,* of counsel,) for Appellant.

*Barton & Kay,* and *Mather & Stover,* for Respondent.

WHITING, J.  [1]  This case is now before us upon rehearing, the decision from which rehearing was granted being reported in Polluck v. Railroad Co., 183 N. W. 859.  It was also before this court upon a former appeal, the decision therein being reported in Polluck v. Railroad Co., 40 S. D. 186, 166 N. W. 641.  Reference is made to both of said decisions for a statement of the issues and the holdings of this court, and to the decision from which rehearing was granted, for a statement of facts appearing in the record before us.  It will be found that right of recovery was based upon the claim that plaintiff was an employee of defendant, an interstate carrier.  Upon the first appeal, this court determined that, under the facts as they then appeared, plaintiff was not an employee of defendant company, but the employee of an independent contractor.  Regardless of such holding, plaintiff did not amend his complaint, but again sought to recover as the employee of defendant.  In our decision on this second appeal, we again held that, under the record before us, plaintiff was not the employee of defendant, but the employee of an independent contractor, but we were of the opinion that the

facts pleaded were sufficient, after eliminating the allegation as to plaintiff's being an employee of defendant, to constitute a cause of action under the common-law theory as to the liability of one for injuries caused by his negligence; and, further, we held, and now affirm, that if, when he was injured, he was engaged in the performance of his duties as such employee of an independent contractor, the defendant owed him the same duties as to care for his safety as if he was its employee.

While, by our decision on this appeal, we affirmed the verdict and judgment for plaintiff, we did so with much hesitance, it seeming to us that the overwhelming weight of the evidence was in favor of the defense; but we realized that it was the province of the jury to weigh the evidence, and, to that end, to pass upon the credibility of the several witnesses, and that it was our duty to sustain such verdict, in the absence of prejudicial error in rulings upon evidence or in instructions, provided there was testimony which, if believed, would reasonably support the verdict. However we felt such doubt as to the justice of the judgment appealed from that we believed ourselves warranted in again examining the record herein to determine: First, whether the testimony, when construed most favorably to plaintiff, supports the verdict; second, whether, conceding there is testimony supporting the verdict, there were errors, in rulings on evidence or in instructions, that probably caused confusion in the minds of the jurors or misled them, and thus caused them to fail to give due weight to the testimony of defendant's witnesses.

[2]  In our former decision on this appeal we said:

"That plaintiff was not a trespasser is too clear to require discussion."

Upon further reflection we are of the opinion that this statement may be misleading. If plaintiff visited the cinder pit for the purpose, as he claims, of wetting down the cinders, he was not a trespasser; but, if his real purpose in visiting such pit was, as contended for by the defense, to cook the sausages, then he had no more rights in and about such pit at that time than would any employee whose duties would never take him to such pit. Even though he was rightfully at such pit, yet does it not appear, and without dispute, that he was guilty of contributory negligence? We recognize fully that, in considering this question, we must

give to the testimony a construction most favorable to respondent. It would serve no useful purpose for us to review the testimony in detail. The record shows: That it was not customary for any one to work in the cinder pit after dark, though occasionally, when a man had not finished cleaning out the pit when darkness came, he had remained to finish; that plaintiff makes no claim that he intended shoveling cinders that night, but that his sole purpose in coming to the pit, other than to heat the sausages, was to wet down the cinders; that, so far as the evidence shows, no employee of the independent contractor had ever visited this pit after dark for the purpose of wetting down the cinders; that the enginemen had no reason to expect that there might be some one in the pit, and that plaintiff must have known such to be the fact; that, if any one did work in and about the railroad yards after dark, it was the custom for such person to have a light to warn others of his presence; that plaintiff should have had a torch lighted to give warning of his presence, that he did not have such a light; that the proper way to wet down cinders was to stand upon the edge of the cinder pit and there hold the hose scattering the flowing water upon the cinders; that plaintiff got down into the pit for the very purpose, as he claims, of putting the hose under the rails so as to allow the water to run without his holding the hose; and that he got down in the dark, and, as now claimed by him, stood where the steam from the west end of the pit enveloped him. That plaintiff was negligent is beyond dispute; but it might be claimed that it was for the jury to determine whether such negligence contributed to the accident. If the alleged negligence of defendant's employees was a cause of this accident, it was because of the fact that such acts of negligence prevented plaintiff from seeing or hearing the approaching engine. In exactly the same manner the lack of a warning light led these same employees to remain in ignorance of the presence of plaintiff. The defense of contributory negligence being fully established by undisputed evidence, the judgment and order appealed from must be reversed.

[3] In holding that a new trial must be granted because of reasons stated above, we would not have it understood that there is nothing other than above noted which throws doubt upon the justness of the verdict. The whole story told by plaintiff must

strain the credulity of any reasonable man. He swears that he went down to the coal shed that evening for the sole purpose of shoveling coal; that he and his helper needed another torch; and that he went to get a torch and "wet them cinders down." His coworker called by him as a witness, says that, after he and plaintiff got to the coal shutes plaintiff said, "To hell with the coal," and that plaintiff was looking for a can. Plaintiff's evidence as to what occurred at and about the cinder pit and railway yards stands uncorroborated by any witness, and contradicted in practically every material particular. Moreover, his evidence on the two trials was conflicting. According to his evidence on this trial, when he was down in the pit he was enveloped in steam coming from the northwest, a most material matter from his viewpoint; while on the first trial he swore that the wind was going to the north. If so, the steam would not have cut off his view of the approaching engine. No other witness saw any steam arise from this pit on the night of the accident; and several testified there was none. However, the part of his story that seems beyond belief is in relation to what occurred immediately after the accident. Plaintiff's right arm was cut off at or near the elbow, his left hand so crushed that only the thumb and one finger were saved; yet plaintiff testified on this trial—but not on the first—that, immediately after he got out of the pit, he went to the hydrant, kicked the hose off, took a drink and "then turned the water back," probably meaning "turned the water off." Is it possible that one in his condition would stop for a drink—even if he could get it—when he must have known that he was liable to bleed to death? We deem it more probable that he was trying to anticipate, and reconcile his story to the evidence of witnesses who afterwards swore that the hose was not attached to the hydrant immediately after the accident; and one swore that it was coiled up.

[4] It may serve the ends of justice, in case there is another trial, if we call attention to a matter not raised by any assignment, but which we feel may have caused the jury to not give due weight to the evidence bearing upon contributory negligence. In Sullivan v. Lyon, 31 S. D. 189, 140 N. W. 255, Ann. Cas. 1915D, 1125, we approved the following:

"Instructions should be framed with reference to the circum-

stances of the case on trial, and not be expressed in abstract and general terms, when such terms may mislead instead of enlighten the jury."

And:

"Nothing is more dangerous than to lay down general propositions, which, instead of aiding, scarcely ever fail to mislead juries. Courts should apply the principles of law to the facts in evidence in each particular case, stating those facts hypothetically."

In the present case the court stated correct abstract propositions pertaining to negligence of defendant and contributory negligence of plaintiff. He properly applied such propositions to the claimed facts bearing on the question of the negligence of defendant, but made absolutely no application of such abstract propositions to any of the facts contended for by defendant, and which, as hereinbefore noted, bear on the question of contributory negligence of plaintiff.

The judgment and order appealed from are reversed.

SMITH, J. (dissenting.) All the matters discussed in the foregoing opinion were fully and fairly submitted to the jury upon instructions which, though criticized, are not challenged by exceptions upon this appeal, and I am of the view that their finding should not be set aside by this court. The correct rule many times has been announced and followed by this court, and should be adhered to in this case, even though we might have reached a different conclusion if acting as jurors. There was evidence which, if believed by the jury, would sustain the verdict. I therefore dissent.