## HAINES, Appellant, v. WAITE, Respondent.

### (248 N. W. 207.)

(File No. 7388.   Opinion filed April 24, 1933.)

See, also, 60 S. D. 199, 244 N. W. 113.

*Zollman & Navin,* of Mitchell, for Appellant.

*Hitchcock, Sickel & Whiting,* of Mitchell, for Respondent.

CAMPBELL, J.   Plaintiff was walking in an easterly direction on a main traveled graveled highway some two and one-half miles west of the city of Mitchell about 8 in the evening on September 23, 1930, and was struck by the automobile of defendant who was driving at a rate of thirty to forty miles per hour in an easterly direction along the same highway.   Plaintiff suffered serious physical injury as a result of the accident, and instituted this action against defendant to recover his damages.

At the point of the accident the highway in question was in process of being regraveled.   Some new gravel was spread over

the entire surface of the highway, and extending in a continuous line along the south side of the highway was a pile of loose gravel intended later to be spread over the road surface. On the usable and traveled portion of the highway were two distinct sets of wheel tracks, parallel to each other and about three or four feet apart, one along the south side of the highway for use by eastbound travel, and one along the north side of the highway for use by westbound travel. It was possible for a car going east, using the south pair of tracks, safely to pass a car going west, using the north set of tracks. It is admitted in this case that plaintiff was not struck by any portion of defendant's car forward of the door handle on the left side and the only portion of the car which made any physical contact with plaintiff was the left door handle and left rear fender.

Defendant's version of the accident is that he was driving easterly along the road in the south pair of tracks adjacent to the continuous pile of loose gravel and observed the approach of a car from the east; that he was driving around thirty-five miles per hour and within a few hundred feet of the approaching car dimmed his headlights. He states that just as he passed this car he turned his headlights on to bright again and then, for the first time, saw plaintiff walking down the road ahead of him in the center of the road and between the two parallel sets of wheel tracks before referred to. Defendant says that plaintiff was then some twenty-five or thirty feet ahead of him; that he pulled his car as far to the right as the loose gravel on the south side of the road would permit, removed his foot from the accelerator, and stopped as quickly as possible; but that in the meantime plaintiff looked around over his shoulder and then started across the road toward the south side, with the result that he walked into defendant's car, contacting it as above set out about the middle of the left-hand side. Defendant stopped at once, discovered that plaintiff was more or less seriously injured, and arranged for his immediate transportation to a hospital. Plaintiff was a man approximately sixty-four years of age and was upon the highway at the time in question to walk to the home of a neighbor half a mile east of his own home to get some milk. He states that after coming upon the highway he was walking east on the north side of the road. He states that he met several cars, most of which pulled out and went around him,

and if they did not so do he stepped off the graveled portion of the highway on the north side and let the cars go by. He states that just prior to the accident he had stepped off to the north side of the highway to permit a car to pass and then stepped back and continued to walk in an easterly direction in the north set of tracks running along the highway. He states that he does not know how long it was after the passage of the last car going in a westerly direction that the accident occurred. He only knows that a car passed him going west—he knows that the car either turned out for him or he stepped aside for the car and then continued to walk easterly in one or the other of the north pair of wheel tracks, which one he does not know. He did not see or hear the approach of defendant's car and his next knowledge of events of any sort was his return to consciousness in the hospital after the accident.

The case was submitted to a jury under proper instructions as to negligence and contributory negligence and the jury returned a verdict for the defendant. From judgment entered thereon and from the denial of his application for a new trial plaintiff has appealed.

■ Appellant, called as a witness in his own behalf in rebuttal, was interrogated by his counsel as follows: "Mr. Haines, you heard the testimony of Mr. Waite in which he said you walked towards the car just prior to the accident?"

He answered yes, and his counsel then asked him, "Just tell the jury whether or not you walked toward the car?"

Objection to this question was made and sustained, and the appellant predicates error thereon. Inasmuch as appellant by his own previous testimony had clearly indicated that he could not answer such a quetsion and had definitely stated that he did not remember anything about what happened after a car going in a westerly direction had passed him prior to the accident, we do not see how there can be any error in this ruling.

■ Appellant predicates error upon the refusal of the learned trial judge to give several instructions requested by the appellant. We think we need not undertake to set out the requested instructions in detail. Several of them are perhaps correct statements of an abstract rule of law but are not applicable to the situation presented in the instant case. Furthermore, we are of

the opinion that there is no evidence in the record in this case which would have justified a jury verdict finding the respondent guilty of any actionable negligence, and it therefore follows that, if there was any error in the refusal of instructions requested by appellant, it was necessarily error without prejudice inasmuch as appellant has entirely failed upon the view of the evidence most favorable to him to establish any cause of action against respondent.

We find no prejudicial error in the record; and the judgment and order appealed from are affirmed.

All the Judges concur.