## THE FEDERAL LAND BANK
## OF OMAHA, Respondent, v. KINSMAN, et al., Appellants

(30 N. W.2d 8.)

(File No. 8880.   Opinion filed December 17, 1947.)

**Hanten & Henrikson,** of Watertown, for Appellants.
**Walter Stover,** of Watertown, for Respondent.

HAYES, J.   This lawsuit is one of the results of a collision between two motor vehicles at the junction of Maple Street and First Avenue in the city of Watertown. The issues were tried to the court, both parties having waived trial by jury.   The trial judge entered a decision and judgment in plaintiff's favor.   Defendants have appealed and have presented here the sole question whether the evidence is sufficient to sustain the decision below.

The facts as related by plaintiff's witnesses are as follows:   Plaintiff's driver was proceeding westward along First Avenue in the proper traffic lane and at a moderate speed, and intending to continue such course, at a point where Maple Street, upon which defendant Dale Kinsman was then traveling southward, entered the lanes of First

Avenue. The scene of the collision might properly be termed an inverted "T" intersection thus corresponding with directions of courses of travel as the same would appear from a drawing or plat of the streets above mentioned. Maple Street does not traverse First Avenue at the place where the two cars met. The point of impact was but three or four feet west in the first traffic lane south of the junction of the east and north curbing of the two streets. This junction would correspond with the northeast corner of a regular street intersection. Parked cars north of the lane in which plaintiff's driver was moving obstructed the driver's view to the north until he reached the junction just described. Just as he arrived at said junction in his westward course, and as soon as it became possible for him to do so, he observed the vehicle being operated by Dale Kinsman making a short cut to the south lane of First Avenue and to the left. Plaintiff's driver quickly applied the brakes but he was unable to stop short of the path of the oncoming vehicle.

Defendants urge the contention that plaintiff's driver was negligent in not seeing the Kinsman car before he attempted to proceed beyond the intersection corner.

■■ The testimony, not disputed, clearly established that parked cars obstructed the views of both drivers. Dale Kinsman testified that he looked to the east or left and saw no car approaching. Doubtless he would have seen plaintiff's car had it been possible for him to look over or between the parked cars as he approached the intersection. The record before us fails to disclose what distance each driver could observe of the course of the other just prior to their attempts to pass the northeast corner of this intersection but it does not appear therefrom that plaintiff's driver failed to mainatin a proper lookout or that he operated his vehicle in a manner other than as a reasonably prudent person would have done under like circumstances. The width of Maple Street is fifty feet and plaintiff's driver had a right to assume that no vehicle would enter his lane of travel from the north and east of the approximate center of Maple Street. Every motorist has the right to assume that others

will observe the traffice rules and will exercise reasonable care. Robertson v. Hennrich, 72 S. D. 37, 29 N. W.2d 329. Dale Kinsman failed to exercise reasonable care and violated the law of travel when he made the short-cut into and across the space reserved to plaintiff's driver.

The substance of the findings of the trial court is that Dale Kinsman was negligent in cutting across from northwest to southeast, instead of complying with SDC 44.0316 in making a turn to the left at an intersection, that such negligence was the proximate cause of plaintiff's damage and that plaintiff's driver was not negligent. The evidence is altogether sufficient to sustain such findings.

The decision and judgment appealed from are affirmed. All the Judges concur.