STAMMERJOHAN, Cross-Appellant v. SIMS, Defendant and Appellant

(31 N. W.2d 449.)

(File Nos. 8902 and 8903. Opinion filed March 3, 1948.)

**Harold Gunvordahl, Jr.,** of Burke, and **G. F. Johnson,** of Gregory, for Appellant.

**Hooper & Herman,** of Gregory, and **J. F. Frame,** of Burke, for Cross-Appellant.

ROBERTS, J. Plaintiff instituted this action to recover damages to his automobile resulting from a collision between it and an automobile driven by defendant. The answer denied all negligence and alleged contributory negligence on the part of plaintiff. By way of counterclaim, defendant alleged that he sustained personal injuries and property damage by reason of plaintiff's negligence. A reply was filed putting in issue the allegations of the counterclaim. The jury found that both plaintiff and defendant were equally negligent and denied damages to either. From the judgment thereon defendant appealed and plaintiff has perfected a cross-appeal.

The collision occurred about 6:30 P.M. on November 3, 1945, at or near the north edge of a bridge on Highway 47 about four miles north of Gregory. The bridge, 28 feet long and 19 feet wide, is on the level with the highway. A ridge of gravel about 16 inches high extended along the west side of the highway and across the bridge. This narrowed the space on the bridge for traffic to approximately 12 feet.

Plaintiff testified that he was approaching the bridge from the north at about 25 miles an hour when he first saw the lights of defendant's car coming down the hill from the south; that plaintiff slackened his speed to fifteen miles an hour, dimmed his headlights and drove his car to the extreme right of the highway intending to yield the right of way across the bridge to the other car; that the right wheels of his car were in the gravel ridge about six inches; that defendant traveling at a high rate of speed pulled to the right and struck the south edge of the bridge and then swerved to the left diagonally across the bridge and collided with plaintiff's car at a point six to ten feet north of the north edge of the bridge and that there was plenty of space for the cars to pass.

Plaintiff asserts that there is no evidence indicating that he was negligent and that the court erred in submitting

the question of his negligence to the jury. Defendant testified:

"A. Well, as I—as I came down the hill I saw this car coming from the north and it seemed to me like his lights were very bright and I flicked my lights up and down, dimming them, thinking it would remind him to dim his lights, but—I slowed up, and I slowed my car to about fifteen miles an hour I imagine before I got to the foot of the hill. And Mr. Stammerjohan had gotten down near the bridge by that time and it looked to me like he intended to stop and wait for me to cross. His car had slowed down until it looked like it was stopped. So, I supposed that he was waiting for me to get across the bridge. So, I speeded up a little and just as I got to the bridge it seemed that his car turned towards me and his lights shone directly into my windshield and blinded me, and I was already to the east side of the road as far as I could get, but I must have pulled over a little farther and struck the edge of the bridge. That throwed me sideways, and before I could right myself we had collided with him head-on.

"Q. How fast, in your estimation, were you going at the time you hit the side of the bridge? A. Oh, I don't think I was going more than fifteen miles an hour.

"Q. Did you attempt to apply your brakes at that time? A. Yes; I did, just as I struck the bridge I applied the brake.

"Q. Did you apply your brakes as soon as you were blinded? A. Yes.

"Q. How long after you were blinded did you strike the bridge? A. Oh, I wasn't more than eight or ten feet from the bridge, I couldn't have been, when I was blinded. Up until that time I had been able to see."

The motor vehicle law (SDC 44.0356) provides that "whenever a motor vehicle meets another vehicle on any highway it shall be mandatory to tilt the beams of the head lamps downward or to substitute therefor the light from an auxiliary driving lamp or pair of such lamps subject to the requirement that the tilted head lamps or auxiliary lamp or lamps shall give sufficient illumination under nor-

mal atmospheric conditions and on·a level road to render clearly discernable a person seventy-five feet ahead, but shall not project a glaring or dazzling light to persons in front of the vehicle."

The court instructed the jury that it is the duty of the driver of an automobile at night to dim his headlights when approaching an automobile traveling in the opposite direction. Plaintiff took no exception to this instruction. Considering all the evidence as the jury might view it, the evidence supports the finding that defendant was so blinded by the lights of plaintiff's car as to prevent him from seeing the corner of the bridge. The jury was not bound to believe plaintiff or the other witnesses who testified that plaintiff dimmed his head lights. We think that there is basis in the evidence for a finding of negligence on the part of the plaintiff and that it was not error to instruct the jury on the issue.

Defendant asserts that the court erred in refusing his requested instruction that a driver whose right-hand side of the highway is obstructed shall, if he reasonably can, stop short of such obstruction at a point on the main traveled portion of the highway where two cars can safely pass and permit the driver whose right-hand side of the highway is not obstructed to proceed first past the obstruction; and in giving an instruction that where two automobiles going in opposite directions approach "a one-way highway" the driver first entering such highway has the right of way.

Defendant alleged in his answer and counterclaim that plaintiff was negligent in failing to dim his headlights and in traveling on the left-hand side of the highway. The court advised the jury of these claims and proceeded to inform the jury of the law applicable thereto. The duty, of course, devolved upon both drivers to exercise ordinary care to avoid the contingency of being at the same time on the bridge too narrow to admit of two motor vehicles passing each other. 2 Blashfield's Cyc. Automobile Law, Perm. Ed., § 904. It may be assumed, without so deciding, that the requested instruction would have been appropriate if each of the opposing parties contended that he had the right of way across the bridge at the time of the collision. Plaintiff

testified that he drove his car so far to the right as practicable intending to yield the right of way across the bridge to defendant. If an instruction is requested which is not relevant to an issue in the case, it should be refused though it may state a correct principle of law. Defendant admittedly had the right of way and there is no evidence upon which the court could base defendant's requested instruction. We think too that the instruction given by the court was not prejudicial. The giving of an inapt instruction is not ground for reversal, where it is manifest from the undisputed facts that it could not have prejudiced the party appealing.

Defendant also assigns as error the refusal of the court to give the following instruction:

"The driver of an automobile upon a public highway has the right to assume that the driver of a car approaching from the opposite direction will obey the law of the road."

■■■ It has been often stated that the operator of an automobile has the right to assume that others using the highway will obey the law of the road, until he knows or in the exercise of ordinary care should know otherwise. The most recent cases in which the principle is applied are Robertson v. Heinrich, 72 S. D., 29 N. W.2d 329, and Federal Land Bank of Omaha v. Kinsman, S. D., 30 N. W.2d 8. Instructions should state the law as applicable to the particular facts which the evidence tends to prove, and not in abstract and general terms. Sullivan v. Lyons, 31 S. D. 189, 140 N. W. 255, Ann. Cas. 1915D, 1125; Polluck v. Minneapolis & St. L. Railroad Co., 45 S. D. 210, 186 N. W. 830; Aaker v. Quissell, 60 S. D. 513, 244 N. W. 889; Haines v. Waite, 61 S. D. 250, 248 N. W. 207. The requested instruction would have permitted the jury to speculate on what the law of the road might be. It will be observed too that such instruction does not limit the right of assumption to a time in which the driver of an automobile does not have notice or knowledge to the contrary. We conclude that the court did not err in refusing the instruction.

The judgment appealed from is affirmed. No costs will be taxed.

All the Judges concur.