Eugene R. LIMMER, Plaintiff
and Respondent,

v.

Daniel B. WESTEGAARD, Defendant
and Appellant.

No. 11620.

Supreme Court of South Dakota.

Argued Oct. 20, 1975.

Reassigned Jan. 6, 1977.

Decided Feb. 17, 1977.

McCann, Martin & Mickelson, George S. Mickelson, Brookings, for plaintiff and respondent.

Willy, Pruitt, Matthews & Jorgensen, Acie W. Matthews, Sioux Falls, for defendant and appellant.

PORTER, Justice (on reassignment).

If plaintiff's jury verdict is sustainable on another theory, does jury misdirection by the trial court as to the law on vehicular right-of-way require reversal in this street intersection auto collision case? For the reasons stated, we conclude the jury verdict must stand.

SDCL 32–26–13 [1] applies here as does SDCL 32–14–3.[2] The trial court received in evidence section 34–107 of the Revised Ordinances of the City of Brookings [3] (plaintiff's Exhibit 8), and submitted the ordinance provisions to the jury by Instructions No. 13 [4] and 14.[5]

---

1. SDCL 32–26–13. "Right of way at intersections—Unlawful speed as forfeiting right of way.—When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right * * *. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

2. SDCL 32–14–3. "Power of local authorities—Speed limitations—Vehicle traffic and safety provisions—Exceptions.—Local authorities * * * shall have no power or authority * * * to enact or enforce any rule or regulation contrary to the provisions of chapters 32–14 to 32–19, inclusive, or chapters 32–22 and 32–24 to 32–34, inclusive, * * *."

3. Brookings, S. D., Revised Ordinances, art. VII, § 34–107 (1964).

"Subject to the exceptions stated in this article, the right-of-way rule as between vehicles at intersections is hereby declared as follows:
(a) The operator of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has fully entered the intersection.
(b) When two (2) vehicles approach an intersection at approximately the same time, the operator of the vehicle on the left shall yield the right-of-way to the vehicle on the right.
(c) The operator of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he may otherwise have hereunder. (Rev.Ords. 1964, § 13.0324)
State law reference—Similar provisions, SDCL 1967, § 32–26–13."

4. Instruction 13:

"The city of Brookings has adopted a right of way regulation by city ordinance provided under Sec. 34.107 of Ordinance 715 of the city of Brookings which provides as follows:
Subject to the exceptions stated in this article, the right-of-way rule as between vehicles at intersections is hereby declared as follows:
a) The operator of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has fully entered the intersection.
b) When two (2) vehicles approach an intersection at approximately the same time, the operator of the vehicle on the left shall yield the right-of-way to the vehicle on the right.
c) The operator of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he may otherwise have hereunder."

5. Instruction 14:

Defendant objected to the exhibit and Instructions No. 13 and No. 14 at trial essentially on the ground urged here; that SDCL 32–14–3 renders subsection (a) of the ordinance invalid because the subsection conflicts with SDCL 32–26–13. We assume, without deciding, that the defendant (Appellant) is correct, and go on to consider whether the erroneous inclusion of subsection (a) of the ordinance as subparagraph (a) of Instruction No. 13 requires reversal.

■ Plaintiff's verdict may not stand if it can be supported only on the theory that he fully entered the intersection before defendant entered. Construing SDCL 32–26–13 this court said that it is without legal significance which car actually entered the intersection first, if it appears that the cars approached or entered the intersection at approximately the same time. *Smith v. Aspaas*, 71 S.D. 111, 21 N.W.2d 878 (1964).

If plaintiff's verdict is sustainable on a theory other than right-of-way (as we discuss, *infra*) we need not now consider whether plaintiff had the right-of-way, and we assume, without deciding, that he did not.

Defendant's claim of right-of-way is asserted as an affirmative defense in his answer to the complaint. In assignment of error 4 he stated that " * * * the true test is whether or not the two vehicles approach the intersection at approximately the same time * * *." Instruction No. 13, subparagraph (b) meets this test, and in his brief on appeal defendant's argument against Instruction No. 13 concerns only subparagraph (a). We may not presume that the jury decided the right-of-way issue against defendant under subparagraph (a), rather than under subparagraph (b), of In-

struction No. 13. Instead we next consider whether the evidence at trial presented a jury issue on the question of whether the two cars approached the intersection at approximately the same time.[6]

■ Plaintiff drove west on 5th Street and defendant south on 12th Avenue, in Brookings, on September 24, 1973 at about 1:30 p. m. Both streets are thirty feet wide, curb to curb (Exhibit 4). Traffic at the intersection is not controlled by any stop, yield or warning signs. The cars collided in the northwest quadrant of the intersection of the two streets when the front end of defendant's car struck the area of the right rear wheel of plaintiff's car. The front end of plaintiff's car had already passed beyond the intersection[7] at impact.

Plaintiff, driving on the right side of 5th Street at fifteen miles per hour or less, looked both north and south on 12th Avenue as he approached the intersection but saw no traffic. He was able to see both north and south "pretty near to the end of the block." He did not see defendant's car before the collision.

Defendant, driving south, stopped for a stop sign one block north of the intersection. He then proceeded south on the right side of 12th Avenue at a speed of twenty miles per hour until the intersection collision. At the time defendant approached the intersection there was a parked car facing north on the east side of 12th Avenue, approximately one car length north of the intersection.[8] When defendant first saw plaintiff's car ("a fraction of a second before impact") the front end of the car was directly in front of defendant, and defendant's car was about at the crosswalk immediately north of the intersection.

---

"This ordinance establishes the standard of care of the ordinarily careful and prudent person. The proven violation of such ordinance is negligence as a matter of law."

**6.** We state the evidence in the light most favorable to plaintiff.

**7.** Beyond the imaginary line made by extending the west curb line of 12th Avenue straight

south across the intersection. SDCL 32–14–1(17).

**8.** Before trial, a police officer at a point fifty feet north of the intersection watched plaintiff's counsel walk east on 5th Street until counsel was obscured by bushes and a tree. Counsel, according to the officer, was then 174 feet east of the west line of the intersection.

The streets were "very wet" from an earlier rain. The investigating officer found no skid marks.

■ The issue of whether defendant was or was not approaching the intersection at approximately the same time as plaintiff was, under the evidence here, for the jury. "To show * * * prejudicial error an appellant must establish affirmatively from the record that under the evidence the jury might and probably would have returned a different verdict if the alleged error had not occurred." *Dwyer v. Christensen*, 77 S.D. 381, 385, 92 N.W.2d 199, 202 (1958). The verdict against defendant on the issue of whether he had the right-of-way is legally sustainable under Instruction No. 13, subparagraph (b), but not under subparagraph (a). We are unable to say upon this record that appellant has met the *Dwyer* test, and may not therefore characterize as prejudicial the erroneous submission of subparagraph (a) of Instruction No. 13 to the jury.

■ The verdict of the jury can be sustained on a theory which premises that neither party had the right-of-way. At defendant's request the court gave Instruction No. 12(a).[9] Defendant's negligence can properly rest upon a breach of his duty under Instruction No. 12(a). Without an affirmative showing in the record to the contrary, we construe the jury verdict as rendered upon the properly submitted legal theory of negligence, rather than upon one

improperly submitted. *Allen v. McClain*, 75 S.D. 520, 529, 69 N.W.2d 390, 395 (1955).

## CONTRIBUTORY NEGLIGENCE

■ Should this court reverse and remand for dismissal because plaintiff's conduct demonstrated, as a matter of law, contributory negligence more than slight? SDCL 20–9–2.[10] Defendant argues that we should do so because his motion for directed verdict on that ground, at the close of plaintiff's case and at the close of the evidence, was denied. Plaintiff's contributory negligence was his (1) failure to yield the right-of-way as required by SDCL 32–26–13, and his (2) failure to maintain a proper lookout for traffic before the collision, according to defendant's motion below, and his assigned error and argument here.

Concerning defendant's contention (1), we have already concluded, *supra*, that the evidence made a jury issue as to whether defendant was or was not approaching the intersection at approximately the same time as plaintiff, which issue was resolved against defendant by the jury verdict. Accordingly we treat the case as one where neither driver had a statutory right-of-way under SDCL 32–26–13.[11]

Plaintiff did not see defendant before the collision. He looked both ways on 12th Avenue before entering the intersection, but did not look again after entering the intersection. As point (2) of his motion,

---

**9.** Instruction 12(a):

"You are instructed that it is the duty of any person operating a motor vehicle upon a public highway of this state to keep such lookout for other users of the highway as a reasonably prudent person would maintain under the same or similar circumstances, and to have the motor vehicle driven by him under such control that he can stop the same, or otherwise avoid an accident, within his range of vision, unless by reason of a condition or circumstances which could not have been reasonably anticipated by an ordinarily prudent person in like position, he could not stop or otherwise avoid an accident."
[See *Nugent v. Quam*, 82 S.D. 583, 599, 152 N.W.2d 371, 379 (1967)]

**10.** SDCL 20–9–2. "Comparative negligence—Reduction of damages.—In all actions brought

to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence."

**11.** We review the motion by true principles of law. *Graham v. Arall, Inc.*, 80 S.D. 13, 117 N.W.2d 491 (1962). Our conclusion makes it unnecessary to consider whether defendant forfeited the right-of-way by exceeding the 15 miles per hour speed limit applicable to an intersection with an obstructed view. SDCL 32–25–15.

defendant contended that plaintiff's failure to maintain a proper lookout required grant of the motion. We believe the rule approved in *Yost v. Yost*, 81 S.D. 588, 592, 139 N.W.2d 238, 240 (1965) applies here.

"[B]efore a verdict can be directed against a driver for his failure to see another vehicle approaching a non-protected intersection, the evidence must show without dispute that the other vehicle was located in a favored position and within the radius of danger. * * * Where a driver looks but fails to see an approaching vehicle which is not shown to be in a favored position, his negligence is usually a question for the jury."

See also *Whitaker v. Keogh*, 144 Neb. 790, 14 N.W.2d 596 (1944).

Defendant had no right-of-way for the reasons we have indicated, and the intersection was thus not "protected" at the time of plaintiff's approach. There is no evidence to show where defendant was when plaintiff approached the intersection, and none to show where he was when plaintiff entered the intersection. There were no eye witnesses or skid marks and defendant did not see plaintiff until a "fraction of a second" before impact, at which time defendant had not entered the intersection and part of plaintiff's car was already *through* the intersection. The evidence here does not show "without dispute" that defendant's car "was located in a favored position and within the radius of danger" while plaintiff was approaching the intersection. The issue of plaintiff's contributory negligence here was properly for the jury.

We find an additional reason to deny appellant's request that we remand the case for dismissal because the trial court should have granted the motion for directed verdict. The trial court submitted the action to the jury subject to a later determination of the legal questions raised by the motion. SDCL 15–6–50(b).[12] The "later determination" is to be made after the verdict, at which time the trial court passes upon the legal questions raised by the motion, in this instance, whether defendant should have judgment dismissing the complaint because plaintiff was contributorily negligent, as a matter of law. The trial court must pass upon the legal questions raised in the motion for directed verdict, after verdict, and before appellate review, to give effect to one of the reasons for adoption of FRCP 50(b) [from which SDCL 15–6–50(b) is taken]. The reasons in this regard are discussed by the United States Supreme Court in the cases of *Cone v. West Virginia Pulp & Paper Co.* and *Johnson v. New York, N.H. & H.R.R.*[13] Even though, as here, the motion for directed verdict was denied before verdict, under 15–6–50(b) the trial court is deemed to have reserved decision on the motion until after reception of the verdict. Here the trial

---

12. SDCL 15–6–50(b). "Motion for judgment notwithstanding the verdict.—Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal question raised by the motion. Not later than ten days after notice of entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within ten days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may re-

open the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

13. *Johnson v. New York, N.H. & H.R.R.*, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77 (1952); *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947); See also *University Computing Co. v. Lykes-Youngstown Corp.*, 504 F.2d 518 (5th Cir. 1974); *Karjala v. Johns-Manville Products Corp.*, 523 F.2d 155 (8th Cir. 1975); See generally 5A Moore's Federal Practice ¶ 50.12 (2d ed. 1975); Smyser, The Rule 50(b) Judgment Notwithstanding the Verdict—Its Function and Criteria in South Dakota, 21 S.D.L.Rev. 105.

court has not yet finally ruled on the motion because it may do so only in response to a timely motion for judgment notwithstanding the verdict, and none was made by appellant. Appellant's contention that he should have judgment in this court because plaintiff was contributorily negligent as a matter of law is not properly before us and must therefore be overruled.[14]

### PROPOSED INSTRUCTION

 Should the trial court have given defendant's proposed Instruction I?[15] (The proposed instruction is identical to pattern jury instruction 70.02). There was no evidence at the trial, nor did the trial court instruct the jury as to what would constitute a lawful or unlawful speed on the part of either car. Plaintiff proposed an instruction in the exact language of SDCL 32–25–15, but it was refused upon defendant's objection that under the evidence the statute did not apply. Defendant offered no instruction as to the speed limit or speed law applicable.

We conclude defendant's proposed Instruction I, upon the record here, would have permitted the jury to speculate on what a lawful or unlawful speed might be as to either or both the cars involved. The instruction was therefore properly refused. *Stammerjohan v. Sims*, 72 S.D. 189, 31 N.W.2d 449 (1948); *Knutsen v. Dilger*, 62 S.D. 474, 253 N.W. 459 (1934).[16]

**14.** We do not overlook SDCL 15–26–20 in reaching our conclusion.

**15.** Instruction 1:
   "You are further instructed that when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have.
   MOTORISTS approach an intersection at approximately the same time when the two vehicles are in such a relative position that upon appraisal of all the factors in the situation it would appear to a man of ordinary prudence approaching from the left that there is danger of a collision if he fails to yield the right of way. If the vehicle on the right is traveling at a

Appellant has not affirmatively established that prejudicial error occurred at trial. The jury verdict must stand, and the judgment is affirmed.

All the Justices concur.

lawful speed, a test of the duty of the driver on the left to yield the right of way to the vehicle on the right is whether both vehicles are approaching or entering the intersection at approximately the same time. Which car actually entered the intersection first is without legal significance, if it appears that the vehicles approached or entered the intersection at approximately the same time. If you find that either party was traveling at an unlawful speed and thereby lost his or her right of way, that fact in itself does not confer the right of way upon the other."

**16.** We note Instruction 13(c) (given by the court) refers to "unlawful speed." No objection of the nature we find against proposed Instruction I was made to subparagraph (c) in the trial court.