BOWERS, Appellant, v. GUHIN, Respondent.

(233 N. W. 283.)

(File No. 7089.   Opinion filed December 5, 1930.)

442

*Corrigan & Walton*, of Aberdeen, for Appellant.
*Hepperle & Fuller*, of Aberdeen, for Respondent.

BROWN, P. J.   Plaintiff appeals from an order vacating a verdict and judgment thereon in favor of plaintiff and granting judgment in favor of defendant notwithstanding the verdict.   On January 17, 1929, defendant was driving a car northerly towards Aberdeen.   Plaintiff, with his wife, was coming from the east in a car driven by plaintiff.   At the intersection of the two roads, defendant undertook to turn to the east, but his car skidded and collided with that of plaintiff, completely demolishing plaintiff's car and injuring his wife.   There is no claim that the verdict in favor of plaintiff was excessive, so nothing further need be said as to the extent of the damage to plaintiff's car or of the injuries sustained by his wife.   Plaintiff alleges that the skidding of defendant's car and the resulting collision was caused by defendant driving negligently and at an excessive rate of speed.

The collision occurred about 4 o'clock in the afternoon in broad daylight with nothing to obstruct the view.   On defendant's own testimony, his responsibility for the collision was a question for the jury.   He admits that plaintiff "was coming pretty slow" towards the intersection and on the extreme north side of the highway, "his side of the road"; that he himself approached the curve at about thirty-five miles an hour, "and rounded the curve at twenty-five miles"; that the curve slants or is "dished" towards the south, the dip is from north to south; that there was an inch or two of snow on the ground, and the day was rather sleety and rainy and snowing; that he had no chains on his tires; that as he rounded the curve he tried to keep to the south (his own) side of the road, but, in spite of all that he could do, his car skidded uphill and collided with plaintiff's car.   He says the icy surface of the road at the curve, which he did not observe be-

cause of the snow, was what caused his car to skid, and the trial court sustained the motion for judgment notwithstanding the verdict upon the theory that the presence of this ice "was a distinct intervening cause independent of the rate of speed at which defendant was driving, that contributed to and caused the injury complained of, and which condition was not known, and could not have been anticipated by him."

Plaintiff testified that he did not notice any ice at the curve any more than there was at any other place on the road; that he would not call it ice, it was snow packed down in the gravel, and made it kind of slippery on that portion of the road; that he did not see any difference between the condition of the road at the curve than at any other place as to snow and ice. This alone would have raised a question for the jury as to the cause of the skidding of defendant's car, and, even disregarding plaintiff's testimony on this point entirely, it was yet a question for the jury whether or not under all the circumstances disclosed by the evidence defendant should reasonably have anticipated that there might be ice at the lower side of such curve, and whether or not his speed and the management of his car at the curve, under such circumstances, was negligent. The court was not warranted in holding as a matter of law that, if there was such ice, it was an independent intervening cause of the collision.

The evidence was sufficient to justify the verdict of the jury, and the judgment notwithstanding the verdict is reversed, and the cause is remanded, with directions to reinstate the verdict and the judgment entered thereon.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.