## MARGARET CAULFIELD v. PETER McGIVERN.[1]

January 31, 1936.

No. 30,687.

*Ryan, Ryan & Ryan,* for appellant.
*F. C. McGivern* and *Barron & Barnard,* for respondent.

PER CURIAM.

In a suit for damages to recover for injuries received in an automobile accident where the plaintiff was a passenger and the defendant the driver of the car in which she was riding, plaintiff had a verdict, and from an order denying defendant's motion for judgment or a new trial he has appealed to this court.

The principal question presented is whether or not there is sufficient evidence to justify submission to a jury of the question of defendant's negligence. He also assigns error on the court's charge in the submission to the jury of the question whether the defendant was traveling at an unreasonable rate of speed, proximately causing the accident.

[1]Reported in 265 N. W. 24.

The defendant was driving easterly on highway No. 2 on the evening of June 8, 1933. Plaintiff and another woman were riding with him in the car. The road upon which they were driving was about a year old, and the shoulders were still soft. The middle part of the road had been given a dust coat of oil but had not been covered with tarvia. The width of the oiled part was from 35 to 40 feet, and of the entire roadbed, including shoulders, 40 to 50 feet. It had been raining steadily all of the forenoon and until two o'clock in the afternoon of that day. There were washouts along the sides of the road, but the defendant claims that he had not seen any. He was 63 years old but had driven a car only about 500 miles. Just before the accident to his car he passed a car driven by a man named Adams. According to Adams' testimony the Adams car was being driven between 25 and 30 miles an hour. Defendant estimated the speed of the Adams car at 15 miles an hour and his own in passing at between 25 and 30 miles an hour, but gauged speed by the passing landscape and not by the speedometer. After passing Adams' car defendant's car struck a washout on the north side of the road and skidded all the way across the oiled portion of the road and turned over twice after leaving the highway on the south side. After the accident one tire was found to be flat. The evening was clear, the visibility was good, and we think it was a question for the jury whether the defendant was guilty of negligence in driving so that his wheels struck the washout and also in going at the speed which the jury were justified in finding that he traveled, under the road conditions as they were at that time. There is no evidence that the flat tire caused the accident or that it occurred prior to striking the washout. On the evidence the jury might find that it went out when the car struck the washout or when it turned over.

The court submitted to the jury the question of the reasonableness of the defendant's speed, and on that account the defendant requested that the statutory rule should also be submitted. Although the record is silent as to this request, the defendant's counsel, with commendable candor and fairness, admits it. Even without such suggestion from defendant, we think the court would

have been justified by all the circumstances in stating to the jury the statutory rule. If the jury believed that Adams' car was going between 25 and 30 miles an hour, and also believed that the defendant was traveling at approximately twice Adams' speed, it might well believe that defendant was going more than 45 miles per hour. If it did so believe, the *prima facie* presumption of unreasonable speed was raised by the statute. To these estimates of speed there were added the circumstances of the skidding and the number of times which the car turned over at the end of the skid, from which the jury might well believe that the speed was in excess of 45 miles per hour.

The order appealed from is affirmed.