## JOHN J. DALY v. JOHN J. SPRINGER AND OTHERS.[1]

March 4, 1955.

No. 36,407.

*J. M. Daly* and *R. J. Leonard,* for appellant.
*Harold J. Carroll* and *L. J. Kilbride,* for respondents.

KNUTSON, JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial after a verdict for defendant.

---

[1]Reported in 69 N. W. (2d) 98.

On the evening of July 26, 1953, Joseph Springer, who will be referred to hereinafter as defendant, and plaintiff's decedent, Walter Daly, together with two other boys, Lloyd Bartelt and Harry Karnick, attended a dance at Cottage Grove. Shortly after 12 o'clock midnight they left the dance, intending to go to Hastings to have something to eat. Decedent was riding in the automobile driven by defendant Joseph Springer, which was owned by the other defendants. Lloyd Bartelt was riding in another car driven by Karnick. They proceeded south on county road No. 4 in Washington county, the Karnick car preceding the Springer car by about a mile. The road was a clay-bottom, graveled road. It had been raining and the road was wet. When the Karnick car reached highway No. 95, the occupants waited for the other car, and when it did not arrive, they drove back about half a mile and found it rolled over on the side of the road. While there is conflicting testimony, defendant testified that the road was fine until he hit a slippery spot where there was no gravel on the road; that the car then skidded; that he pumped on the brake; that the car straightened out but began skidding again; and that he lost control of it, after which it slid off the road and rolled over. Prior to the accident defendant was driving from 30 to 35 miles per hour. Decedent lost his life as a result of injuries suffered in the accident.

It is the contention of plaintiff (1) that the court erred in refusing to direct a verdict in his favor on the ground that defendant was guilty of negligence as a matter of law, and (2) that the court erred in its instructions to the jury.

■ We need spend no time on the first point. While there is testimony that the road was slippery the entire distance traveled, defendant testified that the road was fine until he hit the slippery spot which led to the accident. His speed of 30 to 35 miles per hour, which plaintiff contends was excessive under these circumstances, cannot be considered so excessive as to constitute negligence as a matter of law. Defendant's negligence clearly was for the jury.

■ The court, as part of its instructions to the jury, said:

"It is also the law that one suddenly confronted by a peril through no negligent fault of his own, who, in the attempt to escape, does not choose the best or safest way, should not be held negligent because of such choice, unless it was so hazardous that the ordinarily prudent person of like age and experience would not have made it under similar circumstances."

Apparently there is no quarrel with the instruction as such, but plaintiff contends that defendant was not entitled to this instruction, first, because he had knowledge of the condition of the road before the accident happened, and second, because he did not have any choice to make after he began skidding. Here, again, plaintiff apparently ignores the familiar rule that on appeal we view the evidence in the light most favorable to the verdict. Defendant's testimony is that the road was fine until he hit this slippery spot, when, all at once, his car began skidding. It may be that he did not use the best course in straightening out his car when he began to pump the brakes, but he did have some choice in determining how best to straighten out the skidding car. We see no error in giving this instruction.

■ The court also instructed the jury as follows:

"If you decide that this was an unavoidable accident then, of course, you cannot find that the defendant driver was negligent and that such negligence was a proximate cause of the injury to plaintiff's decedent, * * *."

This instruction is so common in the field of negligence actions that it might be said to be almost a part of the definition of negligence itself. It is much like the ordinary instruction that negligence is not presumed but must be proved. Surely, no prejudice could have resulted from giving it. If the jury found that defendant was not negligent, it would almost seem to follow as a necessary corollary that the accident was unavoidable.

We find no reversible error.

Affirmed.