CORDELL, Appellant v. SCOTT, Respondent

(111 N.W.2d 594)

(File No. 9913. Opinion filed November 13, 1961)

**Loucks, Oviatt & Bradshaw,** Watertown, for Plaintiff and Appellant.

**Gribbin & Burns,** Watertown, **Davenport, Evans Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent.

HANSON, J. The trial of this personal injury action resulted in a verdict and judgment in favor of defendant from which plaintiff appeals alleging error in an instruction to the jury.

In summarizing the material facts we do so in the light most favorable to the verdict. Accordingly, it appears the collision of automobiles in which the plaintiff, Katherine Cordell, was injured occurred at an intersection in the city of Watertown about 5 o'clock in the afternoon on February 5, 1959. Plaintiff was riding in the right front seat of a 1951 Oldsmobile owned and operated by her son-in-law, Raymond DeVille. The DeVille car had been traveling south on North Broadway. It stopped at the intersection of Fourth Avenue to make a left turn.

The car was standing on ice which extended over the entire intersection. It was daylight, the weather was clear, and visibility good. While waiting for oncoming cars to pass before turning left the DeVille car was struck in the rear by an automobile driven by the defendant, Richard Scott.

Defendant Scott was driving his mother's 1958 Oldsmobile. He was a high school student and had driven the car to school on the day of the accident. Sometime after school closed and just prior to the accident Scott stopped his car on North Broadway to let a girl friend out at her home. She lived about six blocks north of the Fourth Avenue intersection. Afterwards defendant proceeded south on North Broadway. That street was approximately 45 feet wide. Snow had been pushed off the roadway unto the curbs on each side of the street. The streets in Watertown were generally icy, but the southbound lane on North Broadway was clear. When defendant was about a half block north of the Fourth Avenue intersection he first observed the DeVille car. It was headed south in his lane of travel. Defendant thought it was moving. When he was about three car lengths away he noticed the DeVille car was standing still. Defendant was then traveling about 15 miles per hour. When he discovered the DeVille car was stopped defendant applied his brakes and without success attempted to turn right. The application of brakes caused defendant's car to skid and the collision followed.

Instruction No. 3 advised the jury, in substance, that the claims in this action were founded upon negligence; the mere fact an incident resulting in damage occurred was not alone sufficient to justify a verdict against the other party; and the claiming party had the burden of proving by a preponderance of the evidence that defendant was negligent and that such negligence, if shown, was a proximate cause of the injury. The instruction also contained the following reference to unavoidable accident:

"Thus, if the injury came about as the result of unavoidable accident, the claimant is precluded from recovery. Such an accident is one which comes about under circumstances in which there was no negligence which proximately caused injury."

To which portion of the instruction plaintiff objected and excepted upon the grounds it was misleading, prejudicial, and not warranted by the evidence and facts. Plaintiff's objections were overruled and the sole question for consideration here is whether the giving of this instruction constituted reversible error.

This court has never been called upon to determine when, or under what circumstances, an instruction upon unavoidable accident would be appropriate. Elsewhere the problem has been productive of many cases and many different conclusions. Reference is made to an exhaustive annotation on the subject in 65 A.L.R.2d 12 which points out that the most difficult question in nearly all of the cases is what constitutes the essential evidentiary foundation for an accident instruction and that great difficulty has been experienced in formulating a clear, workable, general rule for determining the same. As a possible solution the annotator suggests that "inasmuch as only such instructions ought to be given in any case as will aid the jury in well discharging its function, the giving or refusing of any sort of accident instruction ought to be left very much to the sound discretion of the trial judge, especially since there are many situations in which no rule of thumb can be relied upon with confidence. The contrary course, where continued to be followed, will no doubt continue to be productive of numerous appeals concerning matters not worth the attention, expense, and risk they have entailed." 65 A.L.R.2d 23. Also see LaDuke v. Lord, 97 N.H. 122, 83 A.2d 138, where this policy is followed.

In support of his contentions plaintiff cites the case of Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d

500, 65 A.L.R.2d 1. The position of the California court on this subject is unique. In a long line of cases culminating in Parker v. Womack, 37 Cal.2d 116, 230 P.2d 823, that court approved of accident instructions in general and evolved the rule that such an instruction was proper in any case except where the evidence established the negligence of the defendant as a matter of law. In the Butigan case the court reconsidered and reversed Parker v. Womack, supra, and generally disapproved of unavoidable accident instruction in all cases. The reasons for this "about face" were stated by the court as follows:

"In reality, the so-called defense of unavoidable accident has no legitimate place in our pleading. It appears to be an obsolete remnant from a time when damages for injuries to person or property directly caused by a voluntary act of the defendant could be recovered in an action of trespass and when strict liability would be imposed unless the defendant proved that the injury was caused through 'inevitable accident'. * * * In the modern negligence action the plaintiff must prove that the injury complained of was proximately caused by the defendant's negligence, and the defendant under a general denial may show any circumstance which militates against his negligence or its causal effect. The so-called defense of inevitable accident is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the injury. * * * Since the ordinary instructions on negligence and proximate cause sufficiently show that the plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose. * * * The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression

that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitablity and its problematic relation to negligence and proximate cause can lead only to misunderstanding." [49 Cal.2d 652, 320 P.2d 504]

This new concept has been applied in numerous subsequent California cases. However, the rule has recently been tempered somewhat. It is now considered error for a trial court to give an instruction upon unavoidable accident, nevertheless, it remains for the appellate court to determine, in each case, whether the giving of the instruction constitutes prejudicial error. Pobor v. Western Pacific Railroad Company, 55 Cal.2d 314, 11 Cal.Rptr. 106, 359 P.2d 474. Also see Alarid v. Vanier, 50 Cal.2d 617, 327 P.2d 897; Grasgreen v. Acme Auto Parks, 165 Cal.App. 2d 680, 332 P.2d 337; Sheppard v. City of Los Angeles, 172 Cal.App.2d 338, 342 P.2d 282; Alvarado v. Anderson, 175 Cal.App.2d 166, 346 P.2d 73; and Bridgman v. Safeway Stores, Inc., 53 Cal.2d 443, 2 Cal.Rptr. 146, 348 P.2d 696.

The new California rule announced in Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1, has been considered and rejected by the courts of Idaho, New Mexico, Montana, and Delaware in the following cases: Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112; Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028; Rodoni v. Hoskin, Mont., 355 P.2d 296; and Dietz v. Mead, Del., 160 A.2d 372, 375. In overruling plaintiff's contentions, based upon Butigan v. Yellow Cab Company, that the instruction

on unavoidable accident was misleading, erroneous, and prejudicial, the Delaware court in Dietz v. Mead, supra, concluded the contrary was true and that "* * * the concept of unavoidable accident is simple and easily understood by the average jury. Except in extreme cases the charge would appear to be a proper one." In expressly refusing to follow the rationale of Butigan v. Yellow Cab Company, supra, the New Mexico court, in the case of Lucero v. Torres, supra, indicated such an instruction was proper where the jury might rightfully find the accident was unavoidable as to "the defendant". The New Mexico court went on to state:

> "We do not mean to say that every motor vehicle accident case warrants the giving of an unavoidable accident instruction. On the other hand, the very nature of some of the motor vehicle cases, such as this, suggests that genuine questions of mere accident or of unavoidable accident, giving foundation for the instruction, may be present. A prominent feature may be one of surprise, sudden appearance and reasonably unanticipated presence of a pedestrian, combined with circumstances which present a fair issue as to whether the failure of a driver of a motor vehicle to anticipate or sooner to guard against the danger or to avoid it, is consistent with a conclusion of the exercise of his due care. In such cases, the trial courts are inclined to grant the instruction on unavoidable accident and their action in so doing is generally approved by the appellate courts." [67 N.M. 10, 350 P.2d 1032]

█ Although we believe unavoidable accident instructions should be restrictively used we do not favor the new California rule of total exclusion. In the ordinary negligence action the jury is adequately instructed on the ultimate issues by instructions on negligence, contributory negligence, burden of proof, and proximate cause. Further instruction on unavoidable accident usually is

unnecessary. Such instruction may properly be given in those cases where there is evidence of something other than the negligence of one of the parties caused the mishap. It is particularly apt where the further element of "surprise" is present such as the sudden and unexpected presence of ice, the blow-out of a tire, the malfunction of brakes, or other mechanical failure.

 In motor vehicle cases the mere presence of ice or slippery streets does not necessarily warrant an instruction on unavoidable accident, as in the present action, where the element of "surprise" is lacking. Defendant knew the streets in Watertown were generally slippery and icy. Therefore, he was "charged with the duty to take care and caution in the operation of his vehicle proportionate to the known and obvious dangerous condition of the highway." Webb v. Smith, 176 Va. 235, 10 S.E.2d 503, 504, 131 A.L.R. 558. It was for the jury to determine whether or not under all the facts and circumstances defendant should reasonably have anticipated there might be ice at the Fourth Avenue intersection and whether he was exercising due care under the circumstances. Bowers v. Guhin, 57 S.D. 441, 233 N.W. 283. These issues were fully presented to the jury in the court's other instructions on negligence, proximate cause, and burden of proof. At most, the further reference to unavoidable accident in Instruction No. 3 was unnecessary surplusage. In commenting on a somewhat similar instruction in the case of Daly v. Springer, 244 Minn. 108, 69 N.W.2d 98, 99, the court said:

> "This instruction is so common in the field of negligence actions that it might be said to be almost a part of the definition of negligence itself. It is much like the ordinary instruction that negligence is not presumed but must be proved. Surely, no prejudice could have resulted from giving it. If the jury found that defendant was not negligent, it would almost seem to follow as a necessary corollary that the accident was unavoidable".

Affirmed.

All the Judges concur.