## MAE RAHJA v. MILO CURRENT.

119 N. W. (2d) 699.

February 1, 1963—No. 38,603.

466

*Wangensteen & Bangs,* for appellant.
*Spellacy, Spellacy, Lano & Anderson,* for respondent.

ROGOSHESKE, JUSTICE.

This is a personal injury action which arose as a result of an automobile's striking a highway washout during the nighttime. The jury returned a verdict for defendant-driver. Plaintiff, a passenger and the owner of the automobile, appeals from a denial of her posttrial motions.

The essential problem is presented by plaintiff's claim that a new trial should have been granted because of errors in the instructions to the jury.

Defendant, aged 70, a retired service-station operator, is a neighbor of plaintiff, a widow aged 59. They reside at Hibbing. Plaintiff is an inexperienced driver who owns an automobile inherited from her husband and unused since his death nearly a year previous to the accident. On June 13, 1960, plaintiff readily accepted defendant's offer to drive her in her automobile to Meadowlands, about 30 miles south of Hibbing, so that she could visit her sister. While driving there that afternoon, as they approached the village of Toivola, both plaintiff and defendant noticed and remarked about the hazard created by a rather large washout cutting into the opposite lane of travel of the highway. No further comment or investigation was then made. The only warning sign defendant observed was an amber flasher apparatus attached to a wooden sawhorse. This warning was placed some distance south of the washout and, because of the daylight, there was no indication that the flasher was operating.

The washout as described and shown by photographs was in the

nature of a cave-in or dropping away of the road surface and was semicircular in shape between 25 to 30 feet along the shoulder. It cut into more than half of the east lane of the roadway. The roadway at this point was straight, was nearly level, had a 24-foot blacktop surface, and, except for the washout, was in good condition.

There was evidence that it had rained sometime between the parties' arrival at the home of plaintiff's sister and their departure for Hibbing around midnight of the same day. When they left, a light rain or drizzle was still falling, necessitating the operation of windshield wipers and causing the roadway to be wet and to reflect the headlight beams. There were also noticeable patches of ground fog. No evidence was offered to prove that defendant appeared tired or that his familiarity with automobiles or his skill in driving was in any way affected, or that plaintiff's acknowledged confidence in his ability to safely operate her automobile was in any manner reduced. As the automobile approached the washout area, defendant testified that he noticed a warning flasher some 100 or 150 feet from the washout. Apparently having forgotten both the existence and the location of the washout, he turned into the left lane to avoid what he thought was a truck pulled onto the side of the highway which appeared to display a type of warning signal he had previously observed during his driving experience. He noticed nothing other than the flasher which appeared to him to be located off or upon the edge of the highway. After driving approximately 75 feet at a speed of less than 35 miles per hour and seeing no other warning or danger, he began turning into his lane of travel. At this moment his right wheels dropped into the washout, whereupon he lost control and the automobile immediately began rolling over and settled at the bottom of a ditch a considerable distance below, the surface of the highway. Before the impact, neither defendant nor plaintiff saw the many warning flags or delineators around the cave-in, or any other flasher signal farther down the road. The plaintiff testified that she was awake, although resting and listening to the radio at the time. A day following the accident, plaintiff admitted that she found no fault with defendant's driving, asserting that he was a "very, very cautious driver."

As is demonstrated by the foregoing brief recital of the evidence in

the light most favorable to defendant, plaintiff's claim that defendant's negligence appears as a matter of law is without merit.[1] This contention and her other assignments of error, which we have reviewed, would not justify disturbing the verdict were it not for the impropriety of the court's failure to affirmatively withdraw the issue of contributory negligence and of the instructions relative to unavoidable accident.

1. The defense of contributory negligence was both pleaded and urged by defendant throughout the trial. Cross-examination of plaintiff was directed toward emphasizing that it was her automobile defendant drove; that she was more familiar with the highway; and that because of the disparity in age between defendant and plaintiff she should have remembered the hazard and had greater vigilance as they were returning to Hibbing. Defendant's request to submit this issue by proposed written instruction was as vigorously urged as was plaintiff's proposed written request to affirmatively withdraw it. The court refused both and did not mention contributory negligence to the jury, thereby indirectly withdrawing the issue. Defendant on appeal persists in urging that evidentiary support exists for its submission.

We believe that the trial court's decision not to submit the issue was correct. Upon the evidence viewed most favorably to defendant and under settled rules, the plaintiff cannot be charged with contributory negligence. A passenger has no duty to be a lookout for the driver; and the duty to exercise ordinary care for his own safety only requires active measures to protect himself—such as to give warning—when he becomes aware of a danger of which he knows, or should know, the driver is ignorant, and when it reasonably appears that such warning would be effective to prevent the accident.[2] Mere ownership of the automobile by the passenger neither permits charging the passenger with responsibility for the driver's negligence nor provides suf-

_____

[1] The issue of negligence and proximate cause were properly submitted to the jury because reasonable minds functioning judicially could, under the evidence, reach the conclusion that defendant was not negligent either by way of lookout in failing to observe or remember an existing hazard, control, or speed. Caufield v. McGivern, 196 Minn. 339, 265 N. W. 24.

[2] Rutz v. Iacono, 229 Minn. 591, 40 N. W. (2d) 892; Hubenette v. Ostby, 213 Minn. 349, 6 N. W. (2d) 637.

ficient evidentiary basis upon which the personal negligence of the passenger can be predicated; nor would the added fact that the owner-passenger was being accommodated by the driver supply a sufficient basis.[3] There must be established some personal negligent conduct of the passenger. Here, if existent, it would be a negligent failure to warn. Under the facts and circumstances shown, there is clearly no evidentiary support upon which to base a finding that plaintiff was, or should have been, aware of the impending hazard and that she knew that the driver was ignorant of its existence.

However, under the circumstances of this case, we must conclude that reversible error was committed in failing to affirmatively withdraw the issue of contributory negligence. Where this defense is not only asserted by the pleadings but a good-faith effort is thereafter made to elicit proof sufficient to provide an evidentiary basis upon which the issue could be submitted, and where the parties are in contention as to the sufficiency of such proof, it is incumbent upon the court either to submit the issue—if justified by the evidence—or affirmatively to withdraw it by appropriate instructions. It is not enough to withdraw the defense indirectly by nonsubmission because that could —as it undoubtedly did in this case—mislead the jury. In addition to the emphasis given this defense by defendant's cross-examination of plaintiff, the court, in its instructions on liability, charged: "You are to pass upon the conduct of the parties here." While plaintiff told the jury in final argument that the issue of contributory negligence was to be withdrawn by the court, the court's refusal to affirmatively withdraw the defense, coupled with the quoted statement and the usual cautionary instruction to follow the law as announced in the charge, destroyed any effect that part of the argument would otherwise have had. Even though defendant's final argument scrupulously avoided the issue, it would be unrealistic to conclude, under the circumstances disclosed by this record, that the jury did not have in mind defendant's claim that plaintiff's conduct contributed as a cause of the accident and that this did not lead to their finding of no liability.

2. Since there must be a new trial, there is no need to elaborate

---

[3]Sackett v. Haeckel, 249 Minn. 290, 81 N. W. (2d) 833.

on any other contentions of the parties except one regarding that part of the court's instruction containing the phrase "unavoidable accident." In order to caution the jury that the mere fact of an accident and injury itself does not support a finding of negligence, the court stated: "Plaintiff cannot recover damages caused by an unavoidable accident which occurs despite the exercise of reasonable care on the part of defendant." While this might be error without prejudice when read in context, this is not a case where the concept of unavoidable accident is applicable. When applied to motor vehicle collisions, this phrase probably defies definition. This case does not lend itself to, nor require us to attempt, a definition. We need only point out that our discussion of this concept in previous decisions recognizes that it has a very restricted application.[4] Since there is no proof that a sudden storm produced the washout, it is clear in this case that the accident was due either to defendant's negligence or the negligence of third parties, or to their concurrent negligence. As such, it is not the kind of accident where the harm resulted from either an act of God or from acts chargeable to unknown causes and where the negligence, if any, of defendant was, at most, de minimis.

Reversed and new trial granted.

MR. JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[4]Lestico v. Kuehner, 204 Minn. 125, 283 N. W. 122 (screw puncturing tire caused sudden blowout); Daly v. Springer, 244 Minn. 108, 69 N. W. (2d) 98 (slippery spot caused car to skid off the road).