HERMAN, Appellant v. SPIEGLER et al., Respondents

(145 N.W.2d 916)

(File No. 10185. Opinion filed October 28, 1966)

**Agor, Siegel, Barnett & Schutz,** Aberdeen, for plaintiff and appellant.

**Voas, Richardson & Groseclose,** Aberdeen, for defendants and respondents.

BIEGELMEIER, Judge.

Plaintiff sues for injuries resulting from a collision of the car he was driving on a 26 foot gravel county road with a stackmover being pulled by a tractor driven by defendant Spiegler. The vehicles were all traveling in a westerly direction. The stackmover had ten pointed teeth or tines which are used to load the hay and then serve as a bed for it. These protrude to the rear of the mover while in transit. The morning was foggy though there was dispute as to its density. It seems without dispute the collision occurred in daylight about 9:00 o'clock in the morning on a level road; the stackmover was 26 feet long, 15 feet wide and 16 or 18 feet high and loaded with 6 or 7 tons of hay. Defendants' version and evidence showed visibility to be from 1/2 to 3/4 mile and no vehicles had lights on or needed them. Plaintiff's evidence showed the foggy condition was gen-

eral over a two mile distance and a long period of time before and after the collision with visibility of 100 to 150 feet and he had his headlights on low beam. There were no lights, reflectors, flags or other warning devices on the stackmover. After loading the hay defendant Ackerson followed the stackmover in a pickup; some evidence indicated its lights were on so as to shine on the load and give notice of its presence to traffic approaching from the rear. However, as he reached his farm entrance he drove in to his farm yard without so warning Spiegler who had about another 300 feet to go before turning off the road. It was during this last distance the collision occurred. The trial was sharply contested and resulted in a jury verdict for defendants.

Plaintiff's appeal raises only one question—the giving of an instruction as to unavoidable accident. The parties do not raise any question that the trial court fully instructed the jury on negligence, contributory negligence, proximate cause and burden of proof.

Plaintiff's sole claim of error is the giving of Instruction 9 which was:

"If you do not find that any party in this case was guilty of negligence which caused or contributed to the accident here involved, then, for the purposes of this case, any injury or damage here claimed would be deemed the result of an unavoidable accident. If under the rule just stated you find the accident unavoidable, your verdict should be for the defendant."

The court considered an unavoidable accident instruction in Cordell v. Scott, 79 S.D. 316, 111 N.W.2d 594, and held it was not prejudicial error to give an instruction in somewhat different wording. Plaintiff's present objections and arguments against a jury being so instructed in any action are much the same as those stated in Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1, quoted by the court in Cordell. It is claimed it is error as other instructions, such as those mentioned above, clearly give the jury all the guide lines necessary

to permit or deny recovery and the "unavoidable accident" instruction is not only unnecessary but misleading as the jury may get the impression unavoidability is an issue to be decided and if proved, it constitutes a separate ground of nonliability of the defendant.

■ We can agree if the jury is otherwise properly instructed requiring negligence (proximately causing the damages, of course) to permit recovery, that failing to find such negligence it should return a verdict for him, and another instruction stating if they find no party so negligent it should return a verdict to that effect is duplication and unnecessary surplusage. The court so stated in Cordell. However, it rejected the rule of total exclusion and wrote

"unavoidable accident instructions should be restrictively used  *  *  *.` Such instruction may properly be given in those cases where there is evidence that something other than the negligence of one of the parties caused the mishap. It is particularly apt where the further element of 'surprise' is present such as the sudden and unexpected presence of ice, the blowout of a tire, the malfunction of brakes, or other mechanical failure."

Despite the observations of the court that it is surplusage and should be restrictively used, when it is given the prevailing party incurs the hazard of an appeal (here it is the sole reason of the appeal) and the obligation to show the evidence was sufficient to sustain it.

In most jurisdictions it is not ordinarily reversible error to refuse to give the unavoidable accident instruction. 65 A.L.R.2d §47, page 136. Plaintiff has cited cases decided since Cordell and in effect requested the court to re-examine the question and determine it is prejudicial error to give it in any action. Several courts have recently receded from prior decisions, disapproved of the instruction and overruled previous pronouncements permitting it. Fenton v. Aleshire, 1964, 238 Or. 24, 393 P.2d 217; Vespe v. DiMarco, 1964, 43 N.J. 430, 204 A.2d 874, and Lewis v. Buckskin Joe's, Inc., 1964, Colo., 396 P.2d 933, are illustrative of that trend.

Defendants' citations cover a wide range, among them being cases where the instruction was refused[1]; disapproved though held harmless error[2]; involving a dust storm[3]; fog[4]; slushy and slippery roads[5]; mechanical failure of brakes and traffic lights[6] and the sudden darting of a child[7] and an animal[8] in front of a car. Hackworth v. Davis, 87 Idaho 98, 390 P.2d 422, also cited, approved the giving of the instruction where a third automobile suddenly skidded out of control and collided with plaintiff's car which was then hit by defendant's following truck. Despite these unexpected events, the court quoted from the California Butigan opinion much as we did in Cordell and said the "inherent danger of such an instruction lies in the over-emphasis of the defendant's case".

■ It is unnecessary to determine that the instruction should not be given in any action for Cordell above quoted limits its use to those cases where the required evidentiary foundation is present. Defendants' brief agrees with this (see McClarren v. Buck, 343 Mich. 300, 72 N.W.2d 31) and contends the facts justified the instruction. Mindful of the difficulty of announcing a fixed rule applicable to all cases, 65 C.J.S. Negligence § 21 a, the facts in each case must be examined to see if the issue was presented to justify the instruction.

■ ■ It is difficult to distinguish the case at bar from Cordell. There defendant knew the streets were generally icy; the part of the street he drove on prior to the rear end collision was clear, but at the scene this icy condition tended to cause his car to skid when he applied his brakes. Here the fog was generally present though in disputed and varying degrees and, under

---

1. Hoffman v. Tracy, Wash., 406 P.2d 323.
2. Alaska Brick Company v. McCoy, Alaska, 400 P.2d 454.
3. Gould v. Brown Construction Company, 75 N.M. 113, 401 P.2d 100.
4. Ridgway National Bank v. North American Van Lines, Inc., 3 Cir., 1964, 326 F.2d 934. The court said the instructions were on burden of proof etc. and the trial court could have charged on unavoidable accident, but had not done so as in the California Butigan opinion, supra.
5. Flaks v. McCurdy, 64 Wash.2d 49, 390 P.2d 545. Around sharp curve with limited view, plaintiff slowed his auto down for stopped cars ahead and it was hit by following car, making an unusual situation.
6. Ware v. Alston, 112 Ga.App. 627, 145 S.E.2d 721, and Bolling v. Clay, W.Va., 144 S.E.2d 682.
7. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028, cited in Cordell.
8. Fontenot v. Hartford Accident and Indemnity Co., La.App., 173 So.2d 275.

one version of the evidence, it interfered with the vision of persons travelling on the highway. The giving of an inapt instruction is not ground for reversal where it appears from the undisputed facts it could not have prejudiced the party appealing. Stammerjohan v. Sims, 72 S.D. 189, 31 N.W.2d 449. There the court said instruction should state the law applicable to the particular facts the evidence tends to prove and not in abstract or general terms. We conclude Cordell is controlling here and applying the result there reached, the giving of the instruction was not prejudicial error. This is not approval of its use as a stock instruction in negligence actions. In Rahja v. Current, 1963, 264 Minn. 465, 119 N.W.2d 699, the court in awarding a new trial stated as there was no proof that a "sudden storm" produced the washout the concept of unavoidable accident was not applicable, and it was error to give the instruction. The opinion noted that its previous decisions (citing Daly v. Springer, 244 Minn. 108, 69 N.W.2d 98, from which this court quoted in Cordell) recognized the concept had a "very restricted application". This court likewise used the same term in Cordell as a caution for its use.

The judgment is affirmed.

All the Judges concur.