WIBETO, Respondent v. RISTVEDT, Appellant

(157 N.W.2d 343)

(File No. 10373. Opinion filed March 20, 1968)

**Austin, Hinderaker & Hackett,** Watertown, for defendant and appellant.

**Hvass, Weisman & King,** Minneapolis, Minn., and **Agor, Siegel, Barnett & Schutz,** Aberdeen, for plaintiff and respondent.

ROBERTS, Judge.

Plaintiff, a minor, brought this action through his guardian for personal injuries sustained when a collision occurred between a northbound Pontiac driven by him and a southbound Chevrolet driven by Lois Lorraine Ristvedt who was killed in the accident. This action was commenced against the special administrator of her estate. Defendant by answer denied negligence on the part of decedent and charged that the accident resulted from negligence of the plaintiff. Defendant also filed a counterclaim for wrongful death allegedly caused by the negligence of plaintiff. The trial resulted in a verdict for plaintiff and defendant has appealed.

This accident, a head-on collision, occurred on a gravel road about two miles east and a mile north of Wallace, in Codington County, at about 6:15 p. m., July 31, 1965. Decedent and her husband David, driving separate vehicles, left the farm home of his parents to return to their home near Watertown.

They overtook a grain swather drawn by a tractor. When the operator of the tractor pulled to the right to permit the Ristvedts to pass, the husband, driving a pickup truck, went ahead and so continued for a distance of about one and one-half miles when he saw and passed the vehicle driven by plaintiff approaching from the opposite direction. The traveled portion of this north-south road was about twenty feet in width and there were two vehicle tracks approximately in the middle which motorists used except when passing other vehicles. Plaintiff testified that when he saw the Ristvedt pickup truck approaching he slackened his speed to about 40 miles per hour and turned his vehicle to the right and straddled a ridge of gravel which was near the east edge of the road. It was about ten inches in width and five to seven inches high. He testified as to what he then did as follows:

"Q  Did you at any time turn your car to the left after meeting and passing the pickup?  A  No.

"Q  How quickly did the impact occur after the pick-up went by you?  A  Immediately.

"Q  Did you see the Lois Ristvedt car before it struck you?  A  No.

"Q  Why not?  A  Because—too much dust all over, you couldn't see.

\* \* \* \* \* \*

"Q.  At the time you were struck by the Ristvedt automobile, was the position of your car the same as it was as you were meeting and passing the pickup truck? A  Yes."

On cross-examination he testified:

"Q  Do you deny, Mr. Wibeto, that you pulled back toward the center of the road?  A  Yes.

"Q  Now did you at any time apply your brakes? A  No.

"Q   Did you at any time see Mrs. Ristvedt's vehicle at all?   A   No.

"Q   So you don't know how far behind this truck she was actually traveling?   A   No.

\*     \*     \*     \*     \*     \*

"Q   Mr. Wibeto, one more thing; do you know how far behind you this truck was when the accident happened?   A   No.

"Q   You had no difficulty in getting by the truck? A   No.

"Q   It is your testimony that you never pulled back toward the center of the road again?   A   That is right."

Defendant by answer to the complaint alleged that plaintiff was negligent in the operation of his automobile for the reasons, among others, that he operated his vehicle without keeping a proper lookout and was not on his own side of the road when the collision occurred; that the physical facts justify only the conclusion that decedent was on her own side of the road when the automobiles collided and were completely inconsistent and contrary to plaintiff's testimony.

■ ■   It is the duty of a motorist to give a vehicle approaching from the opposite direction at least one-half of the main traveled roadway if possible. SDC 44.0311; Zakrzewski v. Hyronimus, 81 S.D. 428, 136 N.W.2d 572. Unless a motorist meeting a vehicle approaching from the opposite direction can justify his being on the wrong side of the road under the rule stated in Zeller v. Pikovsky, 66 S.D. 71, 278 N.W. 174, violation of the statute constitutes actionable negligence if it is the proximate cause of the accident. Plaintiff was justified in placing some reliance on drivers of other vehicles being on their side of the road and yielding at least one-half of the traveled portion of the road as the driver of the pickup did and there was no evidence from which it could be found that plaintiff had reason

to anticipate that there may have been a vehicle in the cloud of dust behind the truck in time to avoid a collision.

Defendant argues that the physical facts, particularly the locations of the automobiles immediately following the accident and the debris in the area, sustain his claim that the accident happened in the west half of the traveled roadway. He predicates his argument on tht testimony of a state patrolman who arrived at the scene of the accident shortly after it occurred and on photographs taken and introduced in evidence. The automobile driven by decedent as appears from the photographs and the testimony of the patrolman came to rest facing southeast. The left rear wheel was on the west edge of the gravel roadway and the right rear wheel was about two feet west of such edge. Plaintiff's automobile faced northwest and the distance from the right front wheel measured from the hubcap to the east edge of the roadway was eight feet, and the distance from the right rear wheel measured in like manner to that edge was three feet and three inches. The distance between the front ends of the vehicles was two feet and seven inches. There was presence of some debris at or near the middle of the road between the two vehicles after they came to rest.

■ ■ We have said that the testimony of a plaintiff does not raise an issue of fact if such testimony is contrary to unquestioned physical facts. Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337. Physical facts, however, may not be accepted as a matter of law or as ground for refusal to submit to the jury a case unless they are so decisive that reasonable minds may not differ as to their existence. Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348; see also Kleinsasser v. Gross, 80 S.D. 631, 129 N.W.2d 717.[1] "So frequently do unlooked for results attend the meeting of interacting forces", said the court in Lang v. Missouri Pac. Ry. Co., 115 Mo.App. 489, 91 S.W. 1012, "that courts, in such cases, should not indulge in arbitrary deductions from physical law and fact, except when they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable

---

1. Reconstruction of an accident by expert testimony merely from the position of the vehicles thereafter.

minds, of any other." See also Prove v. Interstate Stages, 250 Mich. 478, 231 N.W. 41; Streilein v. Vogel, 363 Pa. 379, 69 A.2d 97. The evidence was not such as fairly to preclude a finding that the collision occurred in plaintiff's half of the roadway.

Defendant stresses the generally recognized rule that if a person is killed in an accident, it is presumed that he was in the exercise of reasonable care for his own safety. McKiver v. Theo. Hamm Brewing Co., 67 S.D. 613, 297 N.W. 445; Vaughn v. Payne, 75 S.D. 292, 63 N.W.2d 798. In Peters v. Lohr, 24 S.D. 605, 124 N.W. 853, this court said that a "presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue. * * * The presumption, when the opposite party has produced prima facie evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's prima facie evidence with evidence, and not presumptions." That is the limited function of a presumption. When evidence sufficient to raise an issue of fact for the jury is produced, the presumption of decedent's due care disappears and the trier of fact passes upon the evidence in the usual manner. The presumption does not remain to create an issue of fact as against such evidence. Schuknecht v. Chicago, M., St. P. & P. R. Co., 74 S.D. 61, 48 N.W.2d 917; see also Headlee v. New York Life Ins. Co., 69 S.D. 499, 12 N.W.2d 313; Annot., 5 A.L.R.2d 22. The trial court properly refused to instruct that there is a presumption that decedent exercised due care. Contention of defendant does not find support in Bothern v. Peterson, 83 S.D. 84, 155 N.W.2d 308. In that case there was no rebutting evidence of negligence on decedent's part. Since the court in the present action instructed the jury that the burden was on plaintiff to prove that decedent was guilty of negligence by a preponderance of the evidence, the only effect of a further instruction as to the presumption would have been to give it some evidentiary weight.

Judgment affirmed.

All the Judges concur.