Jill Marie MEYER, A Minor, by and through her Guardian, Robert L. Meyer, Plaintiff and Appellant,

v.

Daryl JOHNSON, Defendant and Respondent.

Robert L. MEYER and Mary Lou Meyer, Plaintiffs and Appellants,

v.

Daryl JOHNSON, Defendant and Respondent.

No. 11881.

Supreme Court of South Dakota.

May 26, 1977.

Curtis D. Ireland, of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for plaintiffs and appellants.

William G. Porter, of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and respondent.

ANDERST, Circuit Judge.

This appeal results from two actions which were consolidated for purposes of trial. Robert L. Meyer as guardian of his minor daughter Jill Marie Meyer sought to recover damages for personal injuries sustained by her as a result of an automobile accident, and he and his wife, Mary Lou Meyer, also sought to recover medical, hospital and related expenses incurred by them as a result of the accident. From a jury verdict in favor of the defendant in each case, the plaintiffs appeal.

The accident occurred on April 3, 1972, on County Road 308 in Pennington County, South Dakota, between Hill City and Deerfield Lake. It had snowed the night before the accident, leaving somewhere between two to four inches of freshly fallen snow on the highway surface. An automobile driven by defendant and owned by his parents was proceeding in a westerly direction. The other automobile in which plaintiff Jill Marie Meyer was riding in the middle of the front seat was being operated in an easterly direction by her grandfather Ronald Cornelison. The accident occurred near the crest of a hill. Defendant had just crested the hill and Ronald Cornelison was still going up the grade on the other side.

This same accident gave rise to a prior lawsuit between plaintiffs Ernest and Velma Johnson, who owned the automobile being driven by their son Daryl Johnson, and defendant Ronald Cornelison. That suit was brought by Mr. and Mrs. Johnson for recovery of damages to their car. Defendant, Ronald Cornelison, filed an answer denying negligence and further filed a counterclaim against the plaintiffs claiming property damage to his car. This case was tried to the court without a jury, and, based upon the judge's memorandum decision, judgment was entered on behalf of the plaintiffs and against the defendant for the amount of the damage to the Johnson vehicle.

At the close of the evidence herein and in chambers outside the hearing of the jury, counsel for the defendant moved the trial court herein to take judicial notice of the prior lawsuit for the purpose of granting certain proposed instructions submitted by the defendant. Counsel for plaintiffs joined in the motion to enter the prior case into evidence, and, based upon that prior decision, moved the court for a directed verdict as to liability, submitting to the jury only the question of damages. The court refused to give the defendant's proposed instructions and also denied plaintiffs' motion for a directed verdict as to liability.

On appeal, plaintiffs have raised the three following assignments of error which we shall consider: (1) the court erred in giving an instruction which incorporated the "unavoidable accident" concept; (2) the court erred in giving an instruction on the "emergency rule;" and (3) the court erred in denying plaintiffs' motion for a directed verdict on liability.

The trial court gave instructions on the issues of negligence, concurrent negligence, proximate cause and the burden of proof.

In Instruction No. 10, the trial court set out the issues that the plaintiff Jill Marie Meyer and plaintiffs Robert L. Meyer and Mary Lou Meyer had to prove. The court then further instructed as follows:

"You are instructed that if you find that the accident in question came about through circumstances in which the Defendant was not guilty of negligence, which proximately caused the accident and any resulting injuries, then your verdict should be for the Defendant."

In the case of *Cordell v. Scott*, 1961, 79 S.D. 316, 111 N.W.2d 594, we set the following guidelines:

"Although we believe unavoidable accident instructions should be restrictively used we do not favor * * * total exclusion. In the ordinary negligence action the jury is adequately instructed on the ultimate issues by instructions on negligence, contributory negligence, burden of proof, and proximate cause. Further instruction on unavoidable accident usually is unnecessary. Such instruction may properly be given in those cases where there is evidence that something other than the negligence of one of the parties caused the mishap. It is particularly apt where the further element of 'surprise' is present such as the sudden and unexpected presence of ice, the blowout of a tire, the malfunction of brakes, or other mechanical failure."

Further, in *Herman v. Spiegler*, 1966, 82 S.D. 339, 145 N.W.2d 916, we stated:

"Despite the observations of the court that it (unavoidable accident instruction) is surplusage and should be restrictively used, when it is given the prevailing party incurs the hazard of an appeal * * and the obligation to show the evidence was sufficient to sustain it."

In summarizing the material facts, we do so in the light most favorable to the verdict. Defendant, Daryl Johnson, knew of the snow and slippery road conditions long before the point of the accident, and he was familiar with the road and its curves and hills. There is no evidentiary foundation in the record to show the necessary element of "surprise" or that something other than the negligence of one of the drivers caused the mishap which would sustain the giving of this instruction.

The trial judge further instructed the jury that a person must drive on the right side of the road (SDCL 32–26–1) and when meeting and passing he must yield one-half of the main-traveled portion of the road (SDCL 32–26–3). He further instructed that unless the motorist, i.e., the defendant, can justify being on the wrong side of the road the violation of the statute "constitutes actionable negligence." *Engel v. Stock*, 1975, S.D., 225 N.W.2d 872; *Wibeto v. Ristvedt*, 1968, 83 S.D. 221, 157 N.W.2d 343. The trial judge did not use South Dakota Pattern Jury Instruction 60.00 which says a violation of a traffic regulation is legally excusable where "(3) an emergency not of the driver's own making by reason of which he fails to observe the statute." *Vaughn v. Payne*, 1954, 75 S.D. 292, 63 N.W.2d 798; *Albers v. Ottenbacher*, 1962, 79 S.D. 637, 116 N.W.2d 529; *Bothern v. Peterson*, 1967, 83 S.D. 84, 155 N.W.2d 308; *Engel v. Stock, supra*. Instead, he gave the South Dakota Pattern Jury Instruction 12.03, the sudden emergency doctrine.

The sudden emergency doctrine is merely an expansion of the reasonably prudent person standard of care. This instruction should be given only if the evidence is sufficient to support a finding (1) that the party invoking the doctrine was in fact confronted by a sudden and unexpected danger, *Zeller v. Pikovsky*, 1938, 66 S.D. 71, 278 N.W. 174; (2) that the dangerous situation was not brought about by the party's own negligence, *Stacey v. Patzloff*, 1940, 67 S.D. 503, 295 N.W. 287; (3) that at least two courses of action were available to the party after the dangerous situation was perceived, *Campbell v. Jackson*, 1937, 65 S.D. 154, 272 N.W. 293; and (4) that the choice of the course of action taken after confrontation was a choice which would have been taken by a reasonably prudent person under similar circumstances, even though it may later develop that some other

choice would have been better. *Campbell v. Jackson, supra.* See Annot. 80 A.L.R.2d 5; 57 Am.Jur.2d, Negligence, § 344, et seq.; 6A C.J.S. Negligence § 281, p. 993.

The evidence most favorable to the defendant discloses the following facts. The road surface was about 30 feet wide. It was covered with two to four inches of new snow and had one track down the middle from prior traffic. The collision occurred approximately in the center of the road, just over the crest of a hill, the two automobiles hitting each other almost head on. Immediately before the impact, the defendant was driving 30–35 miles per hour and saw the Cornelison automobile about 50 feet before the impact. We quote the pertinent parts of defendant's testimony.

"I believe in my own mind I was on the right side of the road, and as I topped the hill I had seen Mr. Cornelison then, and it seemed like he was right there in front of me, and I hit the brakes, and that's all I remember. * * * Well, going up a hill I don't normally drive down the center of the road * * * and I don't believe I was that day."

■ In this case there was no evidence that defendant failed to choose a course of conduct that would have avoided the accident. In fact, the evidence at the trial appears to show that there was no alternative choice for the defendant. Neither Cornelison nor the defendant testified they swerved or attempted to turn their vehicles in order to avert the accident. As defendant testified, the Cornelison car appeared "right there in front of me, and I hit the brakes," and "we collided." Pictures and testimony of the investigating officers show the collision near the middle of the traveled surface of the highway. Though reasonable minds could differ in determining the position of the cars leading up to and immediately before impact,[1] it was improper to give this instruction under the facts in this case.

■ Under *Vaughn, Albers, Bothern,* and *Engel,* the technical violation of statute by the defendant in ending up near the middle of the traveled portion of the highway and failing to yield one-half to the Cornelison vehicle is "actionable negligence," "negligence as a matter of law," "negligence per se" or "negligence in and of itself" unless excusable or justifiable. The "legal excuse doctrine" as explained in the aforecited cases allows the actor to escape liability if the violation was the result of an emergency not of his own making. It does not require that the actor had an alternative course open to him. In fact, oftentimes the only course of action available requires or causes the technical violation of the statute.

■ Since the "legal excuse doctrine" will exonerate a party from liability which arises from his negligence as a matter of law for a violation of a statute, the party asserting such "legal excuse doctrine" has the burden of proving by a preponderance of the evidence that it was excused. *Pinckney v. Watkinson,* 1962, 254 Iowa 144, 116 N.W.2d 258. The defense of legal excuse need not be plead if the issue was clearly presented by the evidence. *Stevenson v. Abbott,* 1959, 251 Iowa 110, 99 N.W.2d 429. If the "legal excuse" is an emergency, then the party must prove (1) that an emergency existed, (2) that he was not engaged in prior conduct which caused or contributed to the emergency, and (3) that he was unable to comply with the statute because of the emergency.[2] An instruction on the "legal excuse doctrine" should have been given by the court under the facts in this case.

■ This court is hesitant to reverse a jury verdict. We are not unmindful of *Allen v. McLain,* 1955, 75 S.D. 520, 69 N.W.2d 390, wherein we said:

---

1. Only where the facts are not in dispute or are of such nature reasonable men could not differ do they become questions of law for the court. *Dwyer v. Christensen,* 1956, 76 S.D. 201, 75 N.W.2d 650; *Bogh v. Beadles,* 1961, 79 S.D. 23, 107 N.W.2d 342.

2. This is not intended to mean that the plaintiffs' duty to prove that the violation was a proximate cause of the injuries is altered in any fashion. *Bothern v. Peterson, supra.*

"In determining whether error was probably harmless or probably prejudicial an appellate court is guided by all the factors in the case bearing on the likelihood of prejudice, the force of the evidence to sustain the verdict, the assumptions that the jury was intelligent, and where the verdict is sustainable on more than one theory, that the verdict is based on the theory unaffected by error, where nothing in the case suggests the contrary."

It is particularly true in a case such as this where the matter has been well tried by highly respected and competent counsel. The giving of only one of these instructions may not have been reversible error, but we feel the trial court in giving both the unavoidable accident instruction and the sudden emergency instruction under the facts of this case constituted error that was prejudicial to the plaintiffs.

▬▬▬▬ We will briefly consider plaintiffs' third assignment of error since it may be asserted on retrial.

" '[A] point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a * * * court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different.' * * * Privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title." *Sodak Distributing Company v. Wayne*, 1958, 77 S.D. 496, 93 N.W.2d 791.

Since the parties in this case and those in the prior case are not the same nor claiming under the same title, they are not in privity, and the issues litigated in the former action are open to relitigation in this action. The trial court acted properly in denying the motion to receive the record of the prior trial into evidence.

Reversed and remanded for a new trial.

DUNN, C. J., and ZASTROW, J., concur.

WOLLMAN and MORGAN, JJ., concur in part and dissent in part.

ANDERST, Circuit Judge, sitting for PORTER, J., disqualified.

WOLLMAN, Justice (dissenting in part, concurring in part).

I would affirm the judgment.

In its entirety, Instruction No. 10 reads as follows:

"In civil actions, the party who asserts the affirmative of an issue must prove that issue by a preponderance of the evidence.

"By a preponderance of the evidence is meant such evidence as, when weighed with that opposed to it, has more convincing force and from which it results that the greater probability of truth lies therein. In the event that the evidence is evenly balanced so that you are unable to say that the evidence on either side of an issue preponderates, that is, has the greater convincing force, then your finding upon that issue must be against the party who had the burden of proving it. In the first action, the Plaintiff, Jill Marie Meyer, has the burden of proving the following issues:

1. That the Defendant was negligent, and

2. That the Defendant's negligence was the proximate cause of her injuries.

"In the second action, the Plaintiffs, Robert L. Meyer and Mary Lou Meyer, have the burden of proving the following issues:

1. That the Defendant was negligent, and

2. That the Defendant's negligence was the proximate cause of their damages.

"You are instructed that if you find that the accident in question came about through circumstances in which the Defendant was not guilty of negligence, which proximately caused the accident

and any resulting injuries, then your verdict should be for the Defendant.

"In determining whether or not an issue has been proved by a preponderance of the evidence, you should consider all of the evidence bearing upon that issue, regardless of who produced it."

Instruction No. 11 reads:

"When the expression 'proximate cause' is used, it means that cause which is an immediate cause and which, in natural or probable sequence, produced the injury complained of. It is a cause without which the injury would not have been sustained. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

"In other words, it is immaterial that there is no suit commenced against Ronald Cornelison, driver of the other vehicle, as long as you find that the Defendant, Daryl Johnson was negligent and his negligence was a contributing or concurring cause of the accident."

Instruction No. 12 reads:

"More than one person may be responsible for causing injury to another. If you find that the defendant was negligent and that his negligence was a proximate cause of the accident involved herein, it is not a defense that some third person, not a party to this action, was or may have been partly responsible. Therefore, if you find the defendant was negligent, and that but for his negligence the accident would not have happened, he cannot be relieved of any liability to the plaintiffs by claiming that somebody else, not a party to this action, was in part at fault."

When read in the light of these three instructions, the challenged portion of Instruction No. 10 is nothing more than a correct statement that unless defendant was guilty of negligence that was a proximate cause of the accident, the jury should find for defendant. In view of the fact that the jury could very well have found from the evidence that Ronald Cornelison

was driving in the center of the road and that it was his negligence that was the proximate cause of the accident, it was not error for the court to give Instruction No. 10 in the form in which it appears.

The resume of facts set forth in the majority opinion is sufficient to demonstrate that the evidence justified giving of the sudden emergency instruction. Assuming that the majority is correct in stating that there was no other course of action available to defendant and that therefore technically the instruction should not have been given, I do not see how this seriously prejudiced plaintiffs. If defendant's car ended up near the middle of the road, it was because he was either driving on that portion of the road immediately prior to the accident or because he slid into the middle of the road after applying his brakes when suddenly confronted by the Cornelison vehicle. The jury obviously found the latter situation to have been the case, and I do not see how the result would have been any different had the court given the instruction that the majority opinion holds should have been given. Under the principles expressed in *Dwyer v. Christensen*, 77 S.D. 381, 92 N.W.2d 199, and recently reaffirmed by this court in *Limmer v. Westegaard*, S.D., 251 N.W.2d 676, the error, if any, should be held to be nonprejudicial.

I agree with the majority opinion's treatment of the res judicata question.

I am authorized to state that Justice MORGAN joins in this concurrence and dissent.