Eldon L. PLUCKER, Plaintiff
and Appellant,

v.

Charleen KAPPLER and McCrossan
Foundation, Inc., Defendants
and Appellees.

No. 13181.

Supreme Court of South Dakota.

Considered on Briefs Feb. 18, 1981.

Decided Nov. 4, 1981.

Rehearing Denied Dec. 17, 1981.

Robert L. Jones, Sioux Falls, for plaintiff and appellant.

Richard O. Gregerson of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendants and appellees.

FOSHEIM, Justice.

Eldon Plucker (appellant) appeals from a final judgment that he take nothing in his personal injury action against Charleen Kappler and her employer, McCrossan Foundation, Inc. We affirm.

On the morning of December 5, 1975, appellant and Kappler were traveling east on Russell Street in Sioux Falls, South Dakota. Ms. Kappler's vehicle, a van filled with school children from McCrossan Boys Ranch, was behind appellant's vehicle. As he approached the intersection of Russell and Kiwanis Avenue, appellant slowed to turn. He made a partial right turn but then swerved back out in front of Ms. Kappler's vehicle. Ms. Kappler applied her brakes but because of ice on the roadway was unable to avoid colliding with appellant's vehicle.

Appellant, a Dell Rapids resident, commutes to Sioux Falls daily. On the morning of the accident, appellant testified that the interstate to Sioux Falls was "fairly clear with occasional icy spots. . . . [T]here was just icy spots from here to there. It wasn't consistent. It was just here and there now and then." Russell Avenue, appellant said, was "dry to the point of the intersection where it was completely icy. . . . The whole corner was solid ice." On cross-examination, appellant testified:

Q. (By Mr. Gregerson) Was there any ice up [to the intersection]?

A. Not to my knowledge.

Q. So would this be a situation where you suddenly came upon an icy situation?

A. It appears that way, Dick, yes.

Q. Because you had no difficulty as you were coming in?

A. No, no.

Ms. Kappler testified that the road conditions on the route to the accident scene were "[b]asically clear." Although she concurred in appellant's testimony that there were icy patches on the interstate, she testified that she first observed the ice at the intersection of Russell and Kiwanis at the time that she applied her brakes to avoid hitting appellant's vehicle.

Appellant contends the facts here did not support giving an unavoidable accident instruction to the jury. We agree. In the limited situation where there is evidence that something other than the negligence of one of the parties may have been the cause of the accident, such an instruction may properly be given. "It is particularly apt where the further element of 'surprise' is present such as the sudden and unexpected presence of ice, the blowout of a tire, the malfunction of brakes, or other mechanical failure." *Cordell v. Scott,* 79 S.D. 316, 323, 111 N.W.2d 594, 598 (1961); *Herman v. Spiegler,* 82 S.D. 339, 342, 145 N.W.2d 916, 917 (1966); cf. *Del Vecchio v. Lund,* 293 N.W.2d 474 (S.D.1980). Here, however, as in *Meyer v. Johnson,* 254 N.W.2d 107, 110 (S.D.1977), "[t]here is no evidentiary foundation in the record to show the necessary element of 'surprise' or that something other than the negligence of one of the drivers caused the mishap which would sustain the giving of this instruction." Since Ms. Kappler testified that she knew of the icy road conditions before she reached the point of collision, ice at the intersection should have come as no surprise to her.

In this case, however, we are convinced that it was harmless error to give the challenged instruction. We base our conclusion on *Meyer, supra,* which stated:

> [i]n determining whether error was probably harmless or probably prejudicial an appellate court is guided by all the factors in the case bearing on the likelihood of prejudice, the force of the evidence to sustain the verdict, the assumptions that the jury was intelligent, and where the verdict is sustainable on more than one theory, that the verdict is based on the theory unaffected by error, where nothing in the case suggests the contrary.

*Id.* at 112 (quoting *Allen v. McLain,* 75 S.D. 520, 69 N.W.2d 390 (1955). The jury was adequately instructed on the proper burden of proof, negligence, proximate cause, and contributory negligence, *Cordell, supra,* and the verdict is sustainable on a theory other than unavoidable accident.

We have considered the other issues appellant raises and find them to be without merit.

The judgment is affirmed.

MORGAN and HENDERSON, JJ., concur.

WOLLMAN, C. J., concurs specially.

DUNN, J., deeming himself disqualified, took no part in this decision.

WOLLMAN, Chief Justice (concurring specially).

I would affirm on the ground that viewed in its totality, the evidence supported the giving of the unavoidable accident instruction. See *Herman v. Spiegler,* 82 S.D. 339, 145 N.W.2d 916 (1966); *Cordell v. Scott,* 79 S.D. 316, 111 N.W.2d 594 (1961).